## STOKES et al. v. UNITED STATES.

### (Circuit Court of Appeals, Fifth Circuit. February 27, 1894.)

### No. 174.

CIRCUIT COURTS OF APPEALS—JURISDICTION — INFAMOUS CRIMES—USING MAILS TO DEFRAUD.

The use of the mails for promoting a scheme to defraud (Rev. St. § 5480) being punishable by imprisonment in a state penitentiary not exceeding 18 months, is an "infamous crime;" and hence a conviction thereof is reviewable on error in the supreme court, and not in the circuit court of appeals. Judiciary Act March 3, 1891, §§ 5, 6.

In Error to the District Court of the United States for the Southern District of Alabama.

Indictment of J. T. Stokes, Abram Kendrick, A. J. Kendrick, E. H. Cook, Samuel H. Mixon, Morgan Mixon. D. J. Morgan, J. D. Pinkerton, and B. S. Lane. Defendants, having been tried, convicted, and sentenced, sued out a writ of error to this court.

J. D. Burnett, for plaintiffs in error.

J. N. Miller, for the United States.

Before PARDEE and McCORMICK, Circuit Judges.

PARDEE, Circuit Judge. Section 5480 of the Revised Statutes of the United States provides:

"If any person having devised or intending to devise any scheme or artifice to defraud, or be effected by either opening or intending to open correspondence or communication with any other person, whether resident within or outside of the United States, by means of the post-office establishment of the United States, or by inciting such other person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice, or attempting so to do, place any letter or packet in any post-office of the United States, or take or receive any therefrom, such person, so misusing the post-office establishment, shall be punishable by a fine of not more than five hundred dollars, and by imprisonment for not more than eighteen months, or by both such punishments. The indictment, information or complaint may severally charge offenses to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence, and shall proportion the punishment especially to the degree in which the abuse of the post-office establishment enters as an instrument into such fraudulent scheme and device."

For conspiring to violate this statute, J. T. Stokes, Abram Kendrick, A. J. Kendrick, E. H. Cook, Samuel H. Mixon, Morgan Mixon, D. J. Morgan, J. D. Pinkerton, and B. S. Lane were indicted, tried, and

convicted, and upon conviction were sentenced as follows: Each of them to pay a fine of $100, with the costs of the prosecution; and Morgan Mixon and Abram Kendrick to be imprisoned in the county jail of Conecuh county for a period of 6 months; E. H. Cook and Samuel H. Mixon to be imprisoned in said county jail of Conecuh county for a period of 8 months; A. J. Kendrick and B. S. Lane to be imprisoned in the state penitentiary at Anamosa, Iowa, for a period of 15 months; and J. T. Stokes, D. J. Morgan, and J. D. Pinkerton to be imprisoned in said penitentiary at Anamosa, Iowa, for a period of 12 months. All of the said parties sued out this writ of error.

We are of the opinion that it must be dismissed for want of jurisdiction in this court to review the case. The fifth section of the "Act to establish circuit courts of appeals and to define and regulate in certain cases the jurisdiction of the courts of the United States and for other purposes," approved March 3, 1891, declares that "appeals or writs of error may be taken from the district courts or from the existing circuit courts direct to the supreme court in the following cases: * * * in cases of conviction of a capital or otherwise infamous crime, * * *." The sixth section of said act gives "jurisdiction to the circuit courts of appeals in all cases other than those provided for in the preceding [fifth] section of this act," etc. The question, then, is whether the plaintiffs in error were convicted in the court below of an infamous crime. An infamous crime, within the meaning of the fifth amendment to the constitution, has been clearly defined by the supreme court of the United States in Ex parte Wilson, 114 U. S. 417–429, 5 Sup. Ct. 935, as follows: "Our judgment is that a crime punishable by imprisonment for a term of years at hard labor is an infamous crime, within the meaning of the fifth amendment to the constitution," and in Mackin v. U. S., 117 U. S. 348, 6 Sup. Ct. 777, as follows: "A crime punishable by imprisonment in a state prison or penitentiary, with or without hard labor, is an infamous crime, within the provision of the fifth amendment to the constitution." According to these cases, the test is whether the crime is one for which the statutes authorize the court to award an infamous punishment, not whether the punishment ultimately awarded is an infamous one. These decisions have been followed in Ex parte Bain, 121 U. S. 1–13, 7 Sup. Ct. 781; Parkinson v. U. S., 121 U. S. 281, 7 Sup. Ct. 896; U. S. v. De Walt, 128 U. S. 393, 9 Sup. Ct. 111; and in Re Mills, 135 U. S. 263–267, 10 Sup. Ct. 762. All these decisions were rendered prior to the passage of the act of 1891 establishing the circuit courts of appeals; and therefore the words "infamous crime," in the fifth section of the act of 1891, had a fixed and definite meaning, declared by the courts at the time the law was passed, and that meaning must be given effect in construing the statute (The Abbotsford, 98 U. S. 440; Logan v. U. S., 144 U. S. 263–301, 12 Sup. Ct. 617), even if it were not apparent, as it is, that the words "capital or otherwise infamous crime" were used with reference to the fifth amendment to the constitution. In the case in hand the punishment, in addition to a fine which the court was authorized to impose, was imprisonment not exceeding two years in a state penitentiary. See Rev. St. U. S. § 5440, as amend-

ed (21 Stat. 4), and Rev. St. U. S. § 5541.· We are therefore compelled to hold that the plaintiffs in error were convicted of an infamous crime, and that no writ of error lies to this court to review such conviction. Dismissed.