## PARKINSON *v.* UNITED STATES.

CERTIFICATE OF DIVISION OF OPINION FROM THE CIRCUIT COURT
OF THE UNITED STATES FOR THE DISTRICT OF NEVADA.

Submitted April 15, 1887. — Decided April 18, 1887.

Offenders against the provisions of §§ 5511 and 5512 Rev. Stat. must be prosecuted by indictment and not by information, as the nature of the punishment makes the crime "infamous" within the meaning of the Fifth Amendment to the Constitution of the United States.

THE case is stated in the opinion of the court.

No appearance for plaintiff.

*Mr. Assistant Attorney General Maury* for defendant.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This case comes here on a certificate by the judges of the Circuit Court of the United States for the District of Nevada, that they were opposed in opinion on certain questions which arose at the hearing of a writ of error for the review of the rulings of the District Court of the district at the trial of Richard R. Parkinson, on an information by the district attorney, for unlawfully, fraudulently, and feloniously voting at an election for a representative in Congress from Nevada, and for unlawfully, fraudulently, and feloniously registering his name as an elector qualified to vote at such election. The prosecution was under §§ 5511 and 5512 of the Revised Statutes, which made the offences charged punishable by a fine of not more than five hundred dollars, or by imprisonment not more than three years, or both. As the imprisonment may be "for a period longer than one year," the court can order that it shall be in the penitentiary. Rev. Stat. § 5541. This makes the crime "infamous," within the meaning of the Fifth Amendment of the Constitution of the United States, and the prosecution should have been by indictment and not by infor-

mation. It was so decided by this court, after this case was certified up by the Circuit Court, in *Ex parte Wilson,* 114 U. S. 417, and *Mackin* v. *United States,* 117 U. S. 348. As the judgment of the District Court must be reversed for this cause, the questions certified have become immaterial, and their determination unnecessary in the final disposition of the case. We, therefore, remand the case without answering them.                    *Reversed.*