## UNITED STATES *v.* DeWALT.

APPEAL FROM THE FIRST JUDICIAL DISTRICT COURT OF THE TERRITORY OF WYOMING.

No. 81. Argued November 15, 1888. — Decided November 19, 1888.

On the authority of *Mackin* v. *United States*, 117 U. S. 348, it is again held that imprisonment in a state prison or penitentiary, with or without hard labor, is an infamous punishment.

THIS was an appeal from a judgment on an application for a writ of *habeas corpus*, discharging the prisoner. The case is stated in the opinion of the court.

*Mr. Solicitor General* for appellant.

No appearance for appellee.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

DeWalt, the appellee, was tried and convicted, upon an information of the crime of embezzlement and making false entries as the president of a national bank, in violation of § 5209 of the Revised Statutes, and sentenced and committed to the penitentiary for ten years. This section prescribes the punishment of imprisonment for not less than five nor more than ten years, which imprisonment may be ordered to be executed in a state jail or penitentiary. Rev. Stat. § 5541. Appellee was subsequently discharged on *habeas corpus* upon the ground that the crime in question was an infamous crime, for which he could not, under the Constitution, be held to answer on information, but only on presentment or indictment by a grand jury. From the order discharging him this appeal is prosecuted, and it is contended that a crime is not infamous which is not subject to the penalty of hard labor as part of the punishment of imprisonment.

This, however, was otherwise ruled in *Mackin* v. *United States*, 117 U. S. 348, 352, where this court held, speaking

through Mr. Justice Gray, "that at the present day imprisonment in a state prison or penitentiary, with or without hard labor, is an infamous punishment."

That case is decisive of this, and the order appealed from must be

*Affirmed.*