UNITED STATES v. J. LINDSAY WELLS CO.

(District Court, W. D. Tennessee.  October 22, 1910.)

1. INDICTMENT AND INFORMATION (§ 3*)—NATURE OF OFFENSE—"INFAMOUS CRIME."

An "infamous crime" is one the punishment for which may be confinement in the penitentiary, with or without hard labor.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 9–23;  Dec. Dig. § 3.*

For other definitions, see Words and Phrases, vol. 4, pp. 3573–3577.]

2. INDICTMENT AND INFORMATION (§ 3*)—ADULTERATED FOOD—NATURE OF OFFENSE—INFORMATION.

Rev. St. § 1022 (U. S. Comp. St. 1901, p. 720), provides that "all crimes and offenses committed against the provisions of chapter 7, title "Crimes," which are not infamous, may be prosecuted either by indictment or by information filed by a district attorney.  Food and Drugs Act June 30, 1906, c. 3915, § 2, 34 Stat. 768 (U. S. Comp. St. Supp. 1909. p. 1188), prohibits the shipping of adulterated food in interstate commerce, and provides on conviction a fine not exceeding $200 for the first offense, and for each subsequent offense a fine not exceeding $300, or imprisonment not exceeding one year, or both, in the discretion of the court.  Held that, since a defendant may not be imprisoned in the penitentiary unless sentenced to confinement for more than a year, no imprisonment in the penitentiary can be imposed for violation of such act; and hence the institution of proceedings thereunder by information of the district attorney was not a violation of Const. U. S. Amend. 5, providing that no person shall be held to answer for an infamous crime, except on presentment or indictment of a grand jury.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 9–23;  Dec. Dig. § 3.*]

Information by the United States against the J. Lindsay Wells Company for violation of the food and drugs act.  On motion to quash.  Denied.

On or about March 23, 1909, the J. Lindsay Wells Company, a corporation of Memphis, Tenn., shipped from the state of Tennessee into the state of Indiana a consignment of cotton seed meal.  Samples from this shipment were procured and examined by the Bureau of Chemistry, United States Department of Agriculture, and the product was found to be a mixture of cotton seed meal and cotton seed hulls.  As it appeared from the above examination and report thereon that the product was adulterated and misbranded, within the meaning of the food and drugs act of June 30, 1906, the Secretary of Agriculture afforded the said J. Lindsay Wells Company, Incorporated, and the party from whom the samples were procured, opportunities for hearings.  As it appeared after hearings held that the shipment was made in violation of the act, the Secretary of Agriculture reported the facts to the Attorney General, with a statement of the evidence upon which to base a prosecution.

In due course a criminal information was filed in the District Court of the United States for the Western District of Tennessee against the said J. Lindsay Wells Company, Incorporated, charging the above shipment, and alleging that the product so shipped was adulterated, in that a substance,

to wit, cotton seed hulls, had been mixed and packed with the said cotton seed meal, so as to reduce, lower, and injuriously affect its quality, and in that said cotton seed hulls had been substituted in part for the said cotton seed meal. The information also alleged that the product so shipped was misbranded, in that said article was offered for sale and sold upon the representation that the same was choice cotton seed meal, thereby causing the purchaser to believe the same to be pure cotton seed meal, whereas in truth and in fact the same was a mixture of cotton seed meal and cotton seed hulls, and that the statement that said article was cotton seed meal was false and untrue.

Whereupon the said J. Lindsay Wells Company, Incorporated, moved to quash the above information upon the ground that the same violated that part of the fifth amendment of the Constitution of the United States which provides that no person shall be held to answer for a capital or otherwise infamous crime, unless upon presentment or indictment of a grand jury.

Casey Todd, for the United States.
Maiden & McAdoo, for defendant.

McCALL, District Judge. This is an action brought by the United States against J. Lindsay Wells Company under section 2 of the act of June 30, 1906, on the charge of shipping from Memphis, in the state of Tennessee, to Attica, in the state of Indiana, 30 tons of cotton seed meal, which article of food at Memphis, Tenn., was adulterated. The suit is brought upon information made by the United States District Attorney. The defendants move to quash the information, upon the ground that the same violates that part of the fifth amendment of the Constitution of the United States which provides that no person shall be held to answer for a capital or otherwise infamous crime, unless upon presentment or indictment of a grand jury.

The question presented is whether or not the offense alleged to have been committed by the defendant is a capital or otherwise infamous crime. It is, of course, not a capital crime, and, if it is otherwise an infamous crime, the motion to quash must be allowed, since, under the authorities, it is well settled that a prosecution cannot be maintained upon information made by the District Attorney for such a crime. Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89.

[1] As I understand the authorities, they hold that any offense, the punishment for which may be imprisonment in the penitentiary, with or without hard labor, is an infamous crime. Mackin v. U. S., 117 U. S. 348, 6 Sup. Ct. 777, 29 L. Ed. 909; Parkinson v. U. S., 121 U. S. 281, 7 Sup. Ct. 896, 30 L. Ed. 959; In re Claasen, 140 U. S. 204, 11 Sup. Ct. 735, 35 L. Ed. 409. On an examination of the act under which this suit is instituted, I find that the punishment therefor is a fine not exceeding $200 for the first offense, and, upon conviction for each subsequent offense, not exceeding $300, or by imprisonment not exceeding one year, or both, in the discretion of the court.

[2] Under the authorities above cited, it is held that a defendant cannot be imprisoned in the penitentiary, unless the time for which he is sentenced shall be more than one year. Under the act of June 30, 1906, the imprisonment cannot exceed one year. Therefore the court has no power to sentence the defendant to imprisonment in the penitentiary, because that would be in excess of the maximum time which the court is authorized to imprison a party for such offense. As I un-

derstand the authorities, they hold in substance that, where the court may imprison the accused for more than one year, the confinement must be in the penitentiary, and that fact, with or without labor, makes the offense for the commission of which the accused is imprisoned an infamous crime. Upon the other hand, where the period of imprisonment is for one year or less, the court must imprison in a county jail, and in such case the crime is not infamous. If the court may imprison for more than one year, the crime is infamous. If for a year or less, it is not infamous.

Under section 1022 of the Revised Statutes (U. S. Comp. St. 1901, p. 720), it is provided that all crimes and offenses committed against the provisions of chapter 7, entitled "Crimes," which are not infamous, may be prosecuted either by indictment or by information filed by the district attorney. It appearing from the foregoing that the crime for which the defendant is charged is not infamous, I am of the opinion that this suit can be maintained upon the information filed, and the motion to quash will be disallowed.