BROWN v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit.  October 6, 1919.)

No. 3290.

1. INDICTMENT AND INFORMATION ⬤⟿3—PROSECUTION FOR VIOLATION OF SELECTIVE DRAFT ACT BY INFORMATION.

Prosecution for violation of Selective Draft Act May 18, 1917, § 13 (Comp. St. 1918, § 2019b), by maintaining a house of ill fame within the prohibited distance from a military post, may be initiated by information, and prosecution by indictment is not necessary; the maximum punishment being a fine and imprisonment for not exceeding 12 months.

2. CRIMINAL LAW ⬤⟿814(8, 9)—INSTRUCTIONS NOT APPLICABLE TO EVIDENCE PROPERLY REFUSED.

A requested instruction in a criminal case, submitting the issue of entrapment of defendant, held not applicable under the evidence, and properly refused.

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Criminal prosecution by the United States against Florence Brown. Judgment of conviction, and defendant brings error.  Affirmed.

Marshall B. Woodworth, of San Francisco, Cal., for plaintiff in error.

Annette Abbott Adams, U. S. Atty., and James E. Colston, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge.  An information was filed in the court below against the plaintiff in error, defendant there, alleging that she did, within a certain specified time, unlawfully and willfully keep a house of ill fame at No. 600 Geary street, San Francisco, and particularly in Apartment No. 37 thereof, and within five miles of Ft. Mason and the Presidio, both of which places during all the said times were used for military purposes by the United States; the said offense being committed in violation of section 13 of the act entitled "An act to authorize the President to increase temporarily the military establishment of the United States," approved May 18, 1917 (Act May 18, 1917, c. 15, 40 Stat. 83 [Comp. St. 1918, § 2019b]), and of the order of the Secretary of War made and issued January 17, 1918, in pursuance of that act, making it unlawful for such houses to be kept within five miles of any military camp, station, fort, post, cantonment, training or mobilization place used by the United States for military purposes.

[1] The contention on the part of the plaintiff in error that the offense charged against her could only be prosecuted by indictment is

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied January 5, 1920.

wholly without merit, since the punishment prescribed by law for a conviction thereof is a fine or imprisonment not exceeding one year, or both, in the discretion of the court.

By act of Congress a sentence to imprisonment for a period longer than one year, or to imprisonment and confinement at hard labor, may be ordered to be executed in a state prison or penitentiary, and such imprisonment, whether with or without hard labor, is an infamous punishment. Mackin v. United States, 117 U. S. 348, 352, 6 Sup. Ct. 777, 29 L. Ed. 909. But that a crime the punishment for which is confined to imprisonment in a county jail is but a misdemeanor, and may be prosecuted by information, has long been settled. United States v. Waller, Fed. Cas. No. 16,634, 1 Sawy. 701; United States v. J. Lindsay Wells Co. (D. C.) 186 Fed. 248; In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149, and cases there cited; Ex parte Wilson, 114 U. S. 417, 425, 5 Sup. Ct. 935, 29 L. Ed. 89.

[2] It is insisted by counsel in behalf of the plaintiff in error that the court below erred in refusing to give this instruction to the jury:

"You are hereby instructed that if the evidence shows that it was suggested to the defendant by the government officials, or she was induced, to commit the offense alleged in the indictment by the government officials, providing you should first find beyond all reasonable doubt that any offense at all was committed by the defendant as charged in the indictment, then as a matter of public policy you cannot convict the defendant on any alleged offense which it was suggested to her she should commit or which she was induced to commit."

We have not any desire, nor the slightest intention, to depart from the settled rule in this circuit, as stated by this court in the case of Peterson v. United States, 255 Fed. 433, 166 C. C. A. 509, that where the officers of the law have incited a person to commit the crime charged, and lured him on to its consummation, for the purpose of arresting him in its commission, the law will not authorize a verdict of guilty.

As has been said, however, the charge against the plaintiff in error was the alleged unlawful and willful keeping of a house of ill fame at a certain designated place within the prohibited distance of a military establishment of the government, and there was not in the evidence anything tending to show that any of the government authorities undertook to induce her to commit that offense. The evidence was without conflict to the effect that the defendant to the indictment occupied the premises therein designated as Apartment 37 of the house at 600 Geary street, San Francisco, during the period alleged, at which place she was visited two nights by two men in the government employ, on the first occasion both being in uniform of the government, and on the second in civilian dress, and on both occasions seeking to obtain evidence that the plaintiff in error maintained the place for purposes of prostitution.

In view of the record, we are of the opinion that the plaintiff in error was not entitled to the requested instruction above stated, and that the case was fairly submitted to the jury by the trial judge, where he said:

"A house of ill fame, within the meaning of this law, is a house or room where prostitution is habitually carried on. It is not sufficient for the government to prove that the defendant is a prostitute, or has committed one or

more acts of prostitution; but, before you will be justified in convicting her, you must be satisfied to a moral certainty and beyond a reasonable doubt that she kept and used the place referred to in the indictment as a place where prostitution was habitually carried on by her. The character of the house may be gathered from the statements of the inmate herself; and if you believe that two men in soldier's uniform came there, and she said she could not deal with them, not because she was not in that business, but because she did not know them; that two others came back the next day, and that those conversations were had—if you were satisfied that those are the facts, I would say they are sufficient evidence upon which to conclude that this room was a place where she habitually carried on prostitution with those who came there seeking it."

The judgment is affirmed.