ROBERTSON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 17, 1919.)

No. 5382.

1. INTOXICATING LIQUORS ⬥210—INDICTMENT CHARGING TRANSPORTATION WITHIN CAMP ZONE STATES AN OFFENSE.

An information charging the transportation of intoxicating liquor within five miles of a military camp *held* to state an offense under the regulations made by the President expressly authorized by Selective Draft Act, § 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2019a).

2. INTOXICATING LIQUORS ⬥210—INFORMATION FOR TRANSPORTING LIQUOR WITHIN CAMP ZONE NOT DEFECTIVE.

An information for transporting liquor within a military camp zone, in violation of regulations made by the President, is not defective for failing to allege that defendant is not punishable under the Articles of War.

3. INDICTMENT AND INFORMATION ⬥3—VIOLATION OF PROHIBITION REGULATIONS MAY BE PROSECUTED BY INFORMATION.

The offense of selling or transporting liquor within a military camp zone, in violation of regulations made by the President, may be prosecuted by information.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. CRIMINAL LAW ⚷1206(3)—STATUTE ALLOWING SENTENCE AT HARD LABOR NOT APPLICABLE TO STATUTE SUBSEQUENTLY ENACTED.

The provision of Criminal Code, § 338 (Comp. St. § 10512), that the omission of the words "hard labor" from provisions of "this act" prescribing punishment shall not deprive the court of power to impose hard labor in any case where such power then existed, *held* not to apply to a penal statute subsequently enacted.

5. INTOXICATING LIQUORS ⚷3—PRESIDENT MAY PROHIBIT TRANSPORTATION OF LIQUOR WITHIN CAMP ZONES.

The provision of the presidential regulations prohibiting "transportation" of liquor within the military camp zones prescribed therein *held* within the authority given by Selective Draft Act, § 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2019a).

In Error to the District Court of the United States for the District of New Mexico.

Criminal prosecution by the United States against Clara Robertson. Judgment of conviction, and defendant brings error. Affirmed.

J. E. Grigsby, of Albuquerque, N. M. (W. C. Heacock, of Albuquerque, N. M., on the brief), for plaintiff in error.

J. O. Seth, Asst. U. S. Atty., of Santa Fé, N. M. (Summers Burkhart, U. S. Atty., of Albuquerque, N. M., on the brief), for the United States.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

STONE, Circuit Judge. [1] Error from conviction for violation of presidential regulations of June 27, 1918, promulgated under section 12 of the Draft Act (40 Stat. 82 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2019a]), prohibiting the transportation of intoxicants within a five-mile zone surrounding a military encampment. There are no properly preserved exceptions presenting any of the questions here argued. However, as the sentence involves imprisonment we have examined the points presented. The first contention is that no offense is stated in the information in violation of section 12. That section is:

"Sec. 12. That the President of the United States, as Commander-in-Chief of the Army, is authorized to make such regulations governing the prohibition of alcoholic liquors in or near military camps and to the officers and enlisted men of the Army as he may from time to time deem necessary or advisable: Provided, that no person, corporation, partnership, or association shall sell, supply, or have in his or its possession any intoxicating or spirituous liquors at any military station, cantonment, camp, fort, post, officers' or enlisted men's club, which is being used at the time for military purposes under this act, but the Secretary of War may make regulations permitting the sale and use of intoxicating liquors for medicinal purposes. It shall be unlawful to sell any intoxicating liquor including beer, ale, or wine, to any officer or member of the military forces while in uniform, except as herein provided. Any person, corporation, partnership, or association violating the provisions of this section or the regulations made thereunder shall, unless otherwise punishable under the Articles of War, be deemed guilty of a misdemeanor and be punished by a fine of not more than $1,000 or imprisonment for not more than twelve months, or both."

⚷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is true that this section does not designate the "transportation" of liquor as an offense, but it does provide for regulations to be promulgated by the President, and section 1 of the regulations promulgated June 27, 1918, specifically prohibits that any liquor be "transported to any place within any such zone."

[2] It is next claimed that the information was vitally defective in not alleging that the offense here charged was not punishable under the Articles of War. Such exception in the statute was no part of the definition of the offense, and was a matter of defense, rather than one necessary to be alleged in the information. United States v. Cook, 17 Wall. 168, 21 L. Ed. 538; United States v. Scott (D. C.) 248 Fed. 361.

[3, 4] The next proposition is that the accused could be proceeded against only by indictment. The argument advanced is that, although the statute did not provide for imprisonment beyond one year, and made no provision for jail sentence to be at "hard labor," and although the sentence was for less than a year, and no requirement therein of hard labor, yet that the sentence might have required such hard labor, and therefore might have been an "infamous punishment." No hard labor requirement could have been attached to this sentence, because the maximum imprisonment permitted was one year, and hard labor was not expressly permitted by the statute. Ex parte Karstendick, 93 U. S. 396, 23 L. Ed. 889; In re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107. The reliance placed by the counsel of accused upon the provision in section 338 of the Criminal Code (Act March 4, 1909, 35 Stat. p. 1088 [Comp. St. § 10512]), that the omission of the words "hard labor" from the provisions of the Criminal Code should not deprive the court of the power to impose such, is not well founded. That provision referred to that statute alone, and has no application to this one, subsequently enacted.

[5] The final contention is that the President had no authority to prohibit the "transportation" of liquor within the camp zone, but, if he had such authority, the information was fatally defective, in failing to state that such regulations had been made. The statute gave the President power to make regulations "governing the prohibition of alcoholic liquors in or near military camps," and prescribed the punishment for violation of such regulations. Congress, having declared the purpose of the regulations and the punishment for violation of them, could and did leave the definition of those regulations to the Executive. The regulation prohibiting the transportation of liquor within certain reasonable limits "near" the camps was well within the authority granted. Such a regulation has the effect of law, and it was not necessary to plead its existence in the information. The information properly covered this phase of the accusation, by alleging facts which would bring the acts charged within the regulations.

The judgment is affirmed.