## Ex parte BREDE.

(District Court, E. D. New York. February 25, 1922.)

1. **Habeas corpus ⬗4—Cannot be used as writ of error.**

Objections to the sufficiency of the indictment or to occurrences during trial, which might be alleged as error, are cured by failure to sue out a writ of error, and a writ of habeas corpus cannot be used as a writ of error.

2. **Indictment and information ⬗3—Crime punishable by imprisonment of more than one year is infamous.**

Under Pen. Code, § 335 (Comp. St. § 10509), making all offenses punishable by death or by imprisonment for more than one year felonies, a crime which may be punished by imprisonment exceeding that term is infamous, even though it be designated by statute as a misdemeanor, and can be prosecuted only by indictment under Const. Amend. 5.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infamous.]

3. **Indictment and information ⬗3—Change in public sentiment and statutes may change infamous character of offense.**

Whether an offense is infamous, so that it can be prosecuted only under indictment depends on the penalty which may be imposed at the time of sentence, so that the character of the same offense may differ at different times as a result of changes in legislation following the trend of public opinion.

4. **Indictment and information ⬗3—Possible sentence to prison, where "hard labor" is required does not make crime infamous.**

In view of the modern legislation, providing labor for prisoners both for their mental and physical well-being, the fact "hard labor"—that is, involuntary labor—may be an incident of imprisonment for a crime does not make that crime infamous, so as to require it to be prosecuted by indictment only, and not by information.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Hard Labor.]

Application by John H. Brede for writ of habeas corpus. Writ dismissed on the merits, and applicant remanded to custody.

Morris Kamber, of New York City, for relator.

Ralph C. Green, U. S. Atty. (Henry J. Walsh, Asst. U. S. Atty., both of Brooklyn, of counsel), opposed.

CHATFIELD, District Judge. The defendant has been committed to serve a sentence for violation of section 21, title 2, of the Prohibition Law (41 Stat. 314), and is before the court upon a writ of habeas corpus. By the writ of habeas corpus he seeks to object to the validity of the procedure by which he was brought into court, tried and convicted, although the time to appeal from the said conviction has expired, and although he is now in the position of not having any appeal pending from said judgment of conviction and sentence.

The defendant was arrested and tried upon an information, and he now contends that because he was sentenced to a jail where hard labor may be required, or because he might be sentenced under such a charge to an institution where hard labor is possible or required, that the proceedings can be instituted only by indictment.

Prior to the adoption of the United States Constitution certain crimes were denominated as "infamous," in addition to the many crimes which in those days were classified as "felonies." As law and civilization have progressed, many crimes, even at that time, constituting felonies, have been by law (statutory or otherwise) changed to misdemeanors.

The defendant argues that the definition of an infamous crime has not been changed; that by the language of Amendment 5 to the Constitution such crimes are left forever triable by jury, and may be instituted only by indictment, even though the crime may be specifically denominated a misdemeanor, or by the length of punishment provided may come within the language of the last part of section 335 of the Penal Code of the United States, which reads as follows:

"All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors." Comp. St. § 10509.

This statute went into effect in 1909, and the present case has arisen since that time.

[1] Any objection to the sufficiency of the indictment or to occurrences during trial, which might be alleged as error, will be cured by failure to seek relief through the suing out of a writ of error, and a writ of habeas corpus cannot be used as a writ of error. Glasgow v. Moyer, 225 U. S. 420, 32 Sup. Ct. 753, 56 L. Ed. 1147, and cases therein cited.

But the defendant contends that, where the court had no jurisdiction over the defendant, objection may be raised, even during the serving of the sentence, and without reference to whether there has or has not been an appeal by writ of error. It is necessary, therefore, to consider whether the United States obtained any valid jurisdiction over the defendant, and over the particular allegation of crime with which he was charged, by the filing of an information in the case. Concededly the information was sufficient to take the place of an indictment, if the crime charged was a misdemeanor, and *not* an infamous crime. The sentence actually imposed in this case was to the Essex county jail in the state of New Jersey, which is an institution where what the defendant contends is the equivalent of "hard labor"—that is, involuntary work—is required as part of the discipline from those under confinement. Chapter 271, Laws N. J. 1917.

It is unnecessary to discuss the procedure by which the Department of Justice has made arrangements for the receipt of federal prisoners, under which this court, as a matter of convenience, by reason of the aforesaid arrangement, sends prisoners to this institution to serve sentence by virtue of sections 5541 and 5546 of the Revised Statutes (Comp St. §§ 10527, 10547).

The defendant is not complaining of the choice of institutions and his sole proposition is that a charge under section 21 of the Prohibition Law, by rendering the defendant liable to imprisonment in an institution where the equivalent of hard labor accompanies sentence, subjects him to what has been by the Constitution preserved in the class of "infamous" crimes, and therefore that it is capable only of prosecution by indictment. The question is important, in that not only the Prohibition

Law, but many other of the United States statutes, define crimes which cannot be prosecuted upon information, if the defendant's contention is correct.

[2] Evidently a crime, even though called a misdemeanor, which carries a possible punishment of more than a year, is an infamous crime, and cannot be prosecuted by information. Mackin v. United States, 117 U. S. 348, 6 Sup. Ct. 777, 29 L. Ed. 909; Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89. Some such so-called misdemeanors were reclassified by section 335 of the Criminal Code in 1911. Some of the statutes are of later date, but the word "misdemeanor" is ineffective. See the Jones Act of June, 1920 (41 Stat. 988).

The question in the case at bar was decided in this court in the case of United States v. Nelson, 254 Fed. 889, in which opinion the language of the statutes is set forth at length. Their provisions are discussed in a quoted decision from United States v. Cobb (D. C.) 43 Fed. 570. The Nelson Case, however, was not conclusive, inasmuch as the information was filed "in time of war," under section 12 of the Selective Service Law (Comp. St. 1919, Comp. St. Ann. Supp. 1919, § 2019a), and was therefore within the express exception to the Fifth Amendment of the Constitution.

In the case of Yaffee v. United States (C. C. A.) 276 Fed. 499 (see also Hunter v. United States [C. C. A.] 272 Fed. 235, and Brown v. United States, 260 Fed. 752, 171 C. C. A. 490), it was expressly held that the charge of selling liquor under the Volstead Law was not an infamous crime, and could be prosecuted by information, citing Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89; United States v. Lindsay-Wells Co. (D. C.) 186 Fed. 248; United States v. Quaritius (D. C.) 267 Fed. 227; United States v. Achen (D. C.) 267 Fed. 595; United States v. Baugh (C. C.) 1 Fed. 784.

[3] The argument in all of these cases is based upon the discussion in the Supreme Court in the opinion in Ex parte Wilson, supra, which interprets the words "other infamous crime." It is said there that:

"What punishments shall be considered as infamous may be affected by the changes of public opinion from one age to another."

It is also stated that by the first Judiciary Act (1 Stat. 73) whipping was treated as a punishment, like fines or short terms of imprisonment, "but at the present day either stocks or whipping might be thought an infamous punishment."

It is unnecessary to quote from this decision further, nor from the cases of Ex parte Karstendick, 93 U. S. 396, 23 L. Ed. 889; Mackin v. United States, supra; Parkinson v. United States, 121 U. S. 281, 7 Sup. Ct. 896, 30 L. Ed. 959; United States v. De Walt, 128 U. S. 393, 9 Sup. Ct. 111, 32 L. Ed. 485; Medley, Petitioner, 134 U. S. 160, 10 Sup. Ct. 384, 33 L. Ed. 835; In re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107; In re Claasen, 140 U. S. 200, at page 204, 11 Sup. Ct. 735, 35 L. Ed. 409—to substantiate the proposition that the classification of the crime either as a felony or misdemeanor, and the determination as to whether it is infamous, depends upon the penalty which may be imposed at the time of sentence.

A crime which was considered "infamous" as the time of the adoption of the Constitution may, at the present time, fall without that category, as the result of subsequent legislation following the trend of public opinion. On the other hand, a crime not known to the common law may have been defined by statute, or a new penalty may have been provided as to some crime previously considered trivial, and its classification as a felony or other infamous crime depends upon the possible scope of sentence at the time when it is imposed.

In the case of Logan v. United States, 144 U. S. at page 303, 12 Sup. Ct. 617, 36 L. Ed. 429, it was held that certain crimes, recognized as established in definition and essential elements at the time of the adoption of the Constitution, did not, in the absence of express statute of Congress, change from time to time, if the name of that particular crime was narrowed or broadened, under state legislation. But this in fact decides the proposition that Congress has the right, under the Constitution, to remove a crime from the infamous class, or to change a certain act from the category of felony to that of misdemeanor.

[4] But the defendant contends that Congress has not expressly removed the crime in the case at bar from the class of "infamous" crimes, even though calling it a misdemeanor, inasmuch as Congress allows and apparently contemplates the use of institutions where the so-called infamy of "hard labor" or its equivalent is compelled. A similar situation with respect to the competency of witnesses was considered in the cases of Rosen v. United States and Pakas v. United States, 245 U. S. 467, 38 Sup. Ct. 148, 62 L. Ed. 406, affirming 237 Fed. 810, 151 C. C. A. 52, and 240 Fed. 350, 153 C. C. A. 276. The dissenting opinion in the Court of Appeals, in 237 Fed. at page 811, 151 C. C. A. 52, presented a similar contention to that of the defendant in the case at bar. But, as settled by the Supreme Court, following the principle set forth in the Logan Case, supra, the competency of witnesses in criminal cases depends upon the condition of the law under act of Congress and judicial construction of those laws, with due recognition of the progress in knowledge and public opinion. "The dead hand of the common law of 1789" is not "to be applied to such cases as we have here."

Similarly the meaning of the words "infamous crime" has been changed under the acts of Congress as interpreted in the United States courts, and is not necessarily in exact similarity to the meaning of those words under state statutes. Both in state and United States courts, however, the application of the term "hard labor" has become limited in effect. Reforms and humane legislation have given those in prison the benefit of a chance to labor both for their mental and physical well-being, and even in some cases for the purpose of enabling them to earn some help for their dependent families. To hold that the steps forward in aiding prisoners and in removing unnecessary hardship are but an extension of the "infamy" which attaches to a felon is contrary to common sense as well as law, and no legislation is needed to prevent such an effect. The principle of the Rosen Case, supra, fully covers the case at bar.

In so far, therefore, as objection on this ground to a trial upon an information should be deemed waived, if not raised on the trial or as-

signed as error upon appeal, it cannot be raised under a writ of habeas corpus, and the failure to sue out a proper writ of error disposes of the case. If the question be considered from the standpoint of jurisdiction of the court over the defendant, in answer to the charge presented upon information, the writ must be dismissed upon the merits, and the defendant remanded to the marshal, to serve his sentence under the commitment previously issued.