## FALCONI et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.　May 12, 1922.)

No. 3632.

1. **Indictment and information** ⊜⊃3—**All felonies must be prosecuted by indictment; "infamous crimes."**

All felonies, as defined by Criminal Code, § 335 (Comp. St. § 10509), are "infamous crimes," within the Fifth Amendment, for which no civilian may be held to answer, unless on the presentment or indictment of a grand jury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infamous Crime.]

2. **Indictment and information** ⊜⊃3—**Offenses subject to prosecution on information; "infamous crimes."**

Misdemeanors, punishable by fine, or by fine and imprisonment not exceeding one year, unless there is coupled with the punishment of imprisonment some specific provision making the particular misdemeanor infamous, are not "infamous crimes," and may be prosecuted by information.

3. **Indictment and information** ⊜⊃3—**Misdemeanor, if punishment may include term at hard labor, must be prosecuted by indictment.**

Imprisonment at hard labor for any definite term, regardless of the length of the term or the place of imprisonment, is infamous punishment, and an offense for which such a sentence may be imposed, though a misdemeanor, must be prosecuted by indictment.

4. **Criminal law** ⊜⊃1217—**Ohio statutes held not to authorize employment at hard labor of federal prisoner sentenced to imprisonment in county workhouse.**

Ohio statutes relating to county prisons *held* not to authorize employment at hard labor of a federal prisoner sentenced to imprisonment in a county workhouse, where neither the statute under which he was convicted nor the sentence imposed authorized imprisonment at hard labor.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Criminal prosecution by the United States against James Falconi and Frank Furwa. Judgment of conviction, and defendants bring error. Affirmed.

E. H. Moore, of Youngstown, Ohio (Moore, Barnum & Hammond, of Youngstown, Ohio, on the brief), for plaintiffs in error.

D. J. Needham, Asst. U. S. Atty., of Cleveland, Ohio (E. S. Wertz, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The plaintiffs in error, Falconi and Furwa, were convicted upon both counts of an information charging the unlawful possession and the unlawful sale of intoxicating liquor, in violation of the National Prohibition Act (41 Stat. 305). Falconi was sentenced to pay a fine of $500 on the first count, and on the second count to be confined in the Stark County Workhouse, at Canton, Ohio, for a period of 4 months. Furwa was sentenced to pay a fine of $10 on the first count and on the second count to be confined in the Stark County Workhouse at Canton, Ohio, for a period of 3 months.

It is the claim of plaintiffs in error that the offense charged in the

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

second count of this information is subject, in that jurisdiction, to infamous punishment, and therefore is an infamous crime, which under the provisions of the Fifth Amendment to the federal Constitution cannot be prosecuted otherwise than upon presentment or indictment by a grand jury.

[1] It is now thoroughly well settled that all felonies as defined by section 335 of the Criminal Code (Comp. St. § 10509) are infamous crimes, for which no person shall be held to answer unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger. Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89; Mackin et al. v. U. S., 117 U. S. 348, 6 Sup. Ct. 777, 29 L. Ed. 909; Parkinson v. U. S., 121 U. S. 281, 7 Sup. Ct. 896, 30 L. Ed. 959; U. S. v. De Walt, 128 U. S. 393, 9 Sup. Ct. 111, 32 L. Ed. 485; In re Mills, 135 U. S. 263, 267, 10 Sup. Ct. 762, 34 L. Ed. 107; In re Claasen, 140 U. S. 200, 204, 11 Sup. Ct. 735, 35 L. Ed. 409.

[2] It would seem to be equally well settled that misdemeanors punishable by fine, or by fine and imprisonment not exceeding one year, unless there should be coupled with the punishment of imprisonment some specific provision making the particular misdemeanor infamous, are not infamous crimes, within the purview of the Fifth Amendment, and may be prosecuted by information. In re Bonner, Petitioner, 151 U. S. 242, 257, 14 Sup. Ct. 323, 38 L. Ed. 149; 4 Blackstone, Com. 310; Hunter v. U. S. (C. C. A.) 272 Fed. 235; Robertson v. U. S. (C. C. A.) 262 Fed. 948, 950; Brown v. U. S., 260 Fed. 752, 171 C. C. A. 490; Blanc v. U. S., 258 Fed. 921, 923, 169 C. C. A. 641; U. S. v. Wells Co. (D. C.) 186 Fed. 248; U. S. v. Camden Iron Works (D. C.) 150 Fed. 214: De Four v. U. S., 260 Fed. 596, 598, 171 C. C. A. 360; Weeks v. U. S., 216 Fed. 292, 298, 132 C. C. A. 436, L. R. A. 1915B, 651. Ann. Cas. 1917C, 524.

[3] In the case of Wong Wing v. U. S., 163 U. S. 228, 16 Sup. Ct. 977, 41 L. Ed. 140, the Supreme Court held that a statute authorizing imprisonment at hard labor for a definite period inflicts an infamous punishment, and therefore the offense, though a misdemeanor, is an infamous crime, within the meaning of the Fifth Amendment. This holding in the Wong Wing Case has been considered, approved, and followed by the Supreme Court in the recent case of United States v. Moreland (decided April 17, 1922) 257 U. S. ——, 42 Sup. Ct. 368, 66 L. Ed. ——. If the decision in Wong Wing v. U. S. was at all doubtful, that doubt has been dispelled by the clear, positive, and definite declaration of the Supreme Court in U. S. v. Moreland that imprisonment at hard labor for any definite term, regardless of the length of the term or the place of imprisonment is infamous punishment, and that, where the accused is in danger of an infamous punishment, if convicted, he has a right to insist that he be not put upon trial, except on the presentment or indictment of a grand jury.

This question was not presented in any of the other cases above cited, nor was it presented or involved in the case of Yaffee v. U. S., 276 Fed. 497, recently decided by this court. In the Yaffee Case the motion to strike the information from the files was based upon the

claim that the filing of an information with leave is contrary to the constitutional rights of the defendants, where the punishment of the offense may include imprisonment. The general rule, announced in that case, as to the right to prosecute by information for a misdemeanor punishable by fine, or fine and imprisonment for not more than one year, must be restricted to the facts of that case, and therefore has no application whatever to the prosecution of a misdemeanor punishable by imprisonment at hard labor.

[4] Nor does the case at bar involve any such question. Under the provisions of section 29 of title 2 of the National Prohibition Act, the offense charged in the second count of this information may be punished by a fine of not more than $1,000 or imprisonment not exceeding 6 months. This statute does not authorize, nor does the sentence specifically impose, imprisonment at hard labor. Robertson v. U. S., supra. It is claimed, however, that the sentence of these plaintiffs in error to imprisonment in the workhouse at Canton, Ohio, is equivalent to a sentence of imprisonment at hard labor. This claim is based upon the provisions of section 5539, R. S. (Comp. St. § 10523), which provides that a federal prisoner shall be subject to the same discipline and treatment as convicts sentenced by the state or territory in which such jail or penitentiary is situated.

In view of the Ohio statute designating what prisoners in a jail or workhouse may be put to hard labor, it is unnecessary to decide, and we do not decide, whether a sentence to a county jail or workhouse where hard labor may be required as a part of the discipline of such institution is equivalent to a direct provision in a statute, under which the prosecution is had, authorizing imprisonment at hard labor, regardless of the fact that the nature of the crime must be determined from the statute defining it, and providing the punishment. Mackin v. U. S., supra, 117 U. S. at page 352, 6 Sup. Ct. 777, 29 L. Ed. 909; Kurtz v. Moffitt, 115 U. S. 487, 501, 6 Sup. Ct. 148, 29 L. Ed. 458.

Section 2238 of the General Code of Ohio reads in part as follows:

"In such counties, the board of commissioners, whenever practicable, shall cause to be worked as provided in this chapter, all convicts so sentenced to imprisonment at hard labor, and also all male convicts, physically capable of performing hard labor, confined in the county jail or workhouse for failure to pay a fine or costs in criminal prosecution, or who pleaded insolvency or inability to pay such fine or costs."

"Such counties," as used in this section, refers to counties in which, under the provisions of section 2236, G. C., the board of county commissioners has secured property and completed arrangements for the working of its prisoners, and in which counties, under the provisions of section 2237, G. C., the court or magistrate may lawfully sentence persons convicted of an offense, the punishment of which is, in whole or in part, imprisonment in the county jail or workhouse, to be imprisoned at hard labor within such county for the same terms or periods as may be prescribed by law for their confinement in such jail or workhouse. It is insisted, however, that under the provisions of section 2227—2, G. C., all prisoners in a county jail or workhouse may be employed in the manufacture of articles used by any department

or public institution belonging to or controlled by the political subdivision or subdivisions supporting or contributing to the support of any such workhouse or jail, or to any political subdivision of the state, regardless of whether such prisoners are sentenced to imprisonment at hard labor, and that section 2238, G. C., has no relation or application whatever to section 2227—2, G. C., but only to sections 2236 and 2237, G. C.

Section 2238, G. C., originally a part of section 7388—51, R. S., is a part of chapter 3, division 4, title 5, of the General Code of Ohio. It provides in terms that the convicts sentenced to imprisonment at hard labor shall, whenever practical, be placed at work "as provided in this chapter." Section 2227—2, G. C., is the second section of the Act of April 16, 1913, entitled "An act to prohibit the employment under contract to any person, firm or corporation of any person confined in any workhouse or jail in this state." 103 Ohio Laws, p. 725. The several sections of that act are now respectively sections 2227—1 to 2227—6 of the General Code, and are also a part of chapter 3, division 4, title 5, of the General Code of Ohio, so that the language found in section 2238, "as provided in this chapter," must now be construed in connection with each and all of the several sections of the Act of April 16, 1913.

The first section of this act (section 2227—1, G. C.) reads as follows:

"The labor or time of any person confined in any workhouse or jail in this state shall not hereafter be let, farmed out, given, sold or contracted to any person, firm, corporation or association."

It is clear, not only from the title of the Act of April 16, 1913, but also from the provisions of its several sections, that it was the legislative intent to prevent the practice of farming out prison labor in direct competition with the free labor of the state, and applies to all convict labor in county jails and workhouses. The first section of this act substantially accomplished the purpose named in this title. The second section (section 2227—2, G. C.) supplements the provisions of the first section. It is an express limitation upon the power conferred in section 2238, G. C., to place prisoners at hard labor, by specifically providing the character and class of labor at which they shall be employed. It does not purport to extend the power to place such prisoners at hard labor, but, on the contrary, it is clearly a limitation of that power, and must be construed in connection with the other sections of the chapter in which it is found.

Any other construction of these sections would lead to the absurd conclusion that prisoners not sentenced to hard labor may nevertheless be placed at hard labor in all counties of the state where no property has been secured or no arrangements have been completed for the working of its convicts, but in counties in the state where such arrangements have been made and such property secured they cannot be placed at hard labor unless the sentence so provides. A mere statement of this proposition is its own refutation. It is clear that this was not the meaning, intent, or purpose of the General Assembly of Ohio in enacting this legislation, but, on the contrary, that it was the legislative in-

tent that the Act of April 16, 1913, should be construed in harmony with existing legislation upon the same subject-matter.

For the reasons stated, the judgment of the District Court is affirmed.