### CLEVELAND v. MATTINGLY, Police Judge.

(Court of Appeals of District of Columbia. Submitted November 3, 1922. Decided February 5, 1923.)

No. 3830.

1. **Indictment and information** ⬿2(3)—**National Prohibition Act contemplates prosecutions by information for misdemeanors thereunder.**

Notwithstanding the provision of National Prohibition Act, tit. 2, § 2, requiring United States commissioners or other officers, or courts authorized to issue warrants, to conduct the committing trial for the purpose of having offenders held for the action of a grand jury, sections 29 and 32 of that title, referring to affidavits, informations, or indictments clearly contemplate that prosecutions under the act may be by information as well as by indictment so that a prosecution for the first offense of selling liquor which by section 29 is punishable by imprisonment not exceeding six months without provision for sentence for hard labor, so that it is a statutory misdemeanor under Criminal Code, § 335 (Comp. St. § 10509), may be by information.

2. **Indictment and information** ⬿3—**Misdemeanor punishable by imprisonment at hard labor cannot be prosecuted on information.**

If the penalty imposed by statute for the punishment of a misdemeanor is infamous, and punishment at hard labor is infamous, the misdemeanor itself is regarded by the courts as an infamous crime, and not triable on information.

3. **Criminal law** ⬿321—**Not presumed police court will sentence to hard labor.**

Under Code D. C. § 43, giving the police court jurisdiction of prosecutions for offenses not capital or otherwise infamous, section 44, providing that prosecutions in the police court shall be upon information, and section 934, providing that a person sentenced to a term of imprisonment not exceeding six months may be confined in either the workhouse or jail, it is not to be presumed before trial that one accused of selling liquor, the maximum penalty for which is six months' imprisonment, will be sentenced to the workhouse, if confinement in the workhouse subjects defendant to hard labor, so as to deprive the police court of jurisdiction to sentence to that institution.

Appeal from the Supreme Court of the District of Columbia.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition by Orlando Lee Cleveland against Robert Mattingly, Judge of the Police Court of the District of Columbia, for a writ of prohibition. Petition dismissed, and petitioner appeals. Affirmed.

Certiorari denied 43 Sup. Ct. 521, 67 L. Ed. ——.

T. M. Wampler, of Washington, D. C., for appellant.

Peyton Gordon, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. An information was filed in the police court of the District of Columbia, charging the appellant with selling intoxicating liquor in violation of the National Prohibition Act. 41 Stat. p. 305. Claiming that the police court had no jurisdiction of the offense charged against him, appellant filed in the Supreme Court of the District a petition praying for a writ of prohibition, prohibiting the judge of said court from proceeding to try him upon said information and as ground for granting of said writ alleged:

(1) That no indictment or information had been returned against him by a grand jury, and that therefore the court was without jurisdiction to try him on the information, because the crime therein set forth was an infamous one, and the punishment prescribed therefor infamous.

(2) That at the workhouse for the District of Columbia hard labor was required of every prisoner imprisoned therein.

The petition was verified by appellant to the best of his knowledge, information, and belief. No demurrer or answer was filed thereto.

[1] The case was brought on for hearing in said Supreme Court upon the petition, the relief prayed for therein denied, the petition dismissed, and the case is brought here upon appeal. The appellant argues that under the provisions of the National Prohibition Act an offense of the kind set out in the information can be prosecuted only upon indictment and refers to section 2 of title 2 thereof to support his claim. The relevant part of the section is as follows:

"And such Commissioner of Internal Revenue, his assistants, agents, and inspectors may swear out warrants before United States commissioners or other officers or courts authorized to issue the same for the apprehension of such offenders, and may, subject to the control of the said United States attorney, conduct the prosecution at the committing trial for the purpose of having the offenders held for the action of a grand jury."

If this were the only applicable statute, appellant's claim might be warranted, but such is not the case. Section 29 of title 2 of the act upon which the prosecution is based provides:

"Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000 and be imprisoned not less than one month nor more than five years. * * * It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment."

Section 32 of the same title also provides that:

"In any affidavit, information, or indictment for the violation of this act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. It shall not be necessary in any affidavit, information, or indictment to give the name of the purchaser," etc.

Considering and construing these provisions together, we are clear that Congress intended that a first offense of selling intoxicating liquor specified in section 29, which is the only crime alleged in the information in this case, might be prosecuted by information.

Some of the offenses covered by the National Prohibition Act are felonies, and some are misdemeanors, and it is evident that, in the several provisions above cited, Congress contemplated prosecutions by information as well as by indictment and was making applicable provisions therefor. Falconi v. U. S. (C. C. A.) 280 Fed. 766; Yaffee v. U. S. (C. C. A.) 276 Fed. 497; U. S. v. Achen (D. C.) 267 Fed. 595; Robertson v. U. S. (C. C. A.) 262 Fed. 948. On the general proposition that misdemeanors may be prosecuted by information, see Brown v. U. S., 260 Fed. 752, 171 C. C. A. 490, Ex parte Brede (D. C.) 279 Fed. 147, and cases supra.

When the imprisonment which may follow conviction does not exceed one year the offense is a statutory misdemeanor; if for more than one year it is a felony. Criminal Code, U. S., § 335, 35 Stats. 1152 (Comp. St. § 10509). The maximum penalty for the first offense of selling intoxicating liquor provided in section 29 is imprisonment not exceeding six months, and there is no provision therein that a person convicted of that offense may be sentenced to imprisonment at hard labor.

[2] There is no question that, if the penalty imposed by statute for the punishment of a misdemeanor is infamous, and punishment at hard labor is concededly infamous, the misdemeanor itself is regarded by the courts as an infamous crime, and not triable upon information Ex parte Karstendick, 93 U. S. 396, 23 L. Ed. 889; In re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107; In re Claasen, 140 U. S. 200, 11 Sup. Ct. 735, 35 L. Ed. 409.

[3] Section 43 of the Code of the District of Columbia, hereinafter referred to as the Code, vests the police court with original jurisdiction concurrently with the Supreme Court of the District (with certain exceptions not pertinent here) of all crimes and offenses committed in the District not capital or otherwise infamous and not punishable in the penitentiary. Section 44 of the Code provides that prosecutions in the police court shall be upon information.

It is apparent, therefore, that the police court for the District of Columbia is clothed with jurisdiction to try appellant upon the information in this case unless it be determined that the crime charged is infamous because the punishment therefor may, after all, be, as appellant claims, by imprisonment at hard labor, and that such may be the punishment is the basis of his chief contention that the crime alleged is infamous.

It is unnecessary to enter into any discussion of the applicability of the Fifth Amendment to the Constitution providing that no person

shall be held for an infamous crime unless upon presentment or indictment of the grand jury. If appellant is, under the law, in peril of an infamous punishment he should not be tried on an information. U. S. v. Moreland, 258 U. S. 433, 42 Sup. Ct. 368, 66 L. Ed. 700, decided April 17, 1922; Ex parte Wilson, 114 U. S. 417, 5 Sup. Ct. 935, 29 L. Ed. 89; Wong Wing v. U. S., 163 U. S. 228, 16 Sup. Ct. 977, 41 L. Ed. 140; Mackin v. U. S., 117 U. S. 348, 6 Sup. Ct. 777, 29 L. Ed. 909, and other cases in the Supreme Court already cited. If the appellant in this case had been convicted and sentenced to imprisonment at hard labor or sentenced to imprisonment in an institution, where hard labor might lawfully be required of him, he would be entitled to relief. Such, however, is not the case.

Section 29 does not authorize or permit a sentence to imprisonment at hard labor for the crime alleged in the information. The offense alleged may be prosecuted by information. Cases supra. The police court of the District of Columbia may try criminal cases upon information. Code, § 44. It has no jurisdiction of capital or otherwise infamous crimes and cannot sentence to a penitentiary. Code, § 43. It may direct that a convicted person sentenced to a term of imprisonment not exceeding six months be confined in either the workhouse or jail. Code, § 934. Appellant has not been tried. It will be presumed that, if convicted upon trial, the police court will have regard to the limitations of its jurisdiction and the provisions of section 29; that it will not sentence appellant to imprisonment at hard labor, and that it will not order the imprisonment to be in any institution where hard labor is lawfully required of the prisoners therein because such a sentence would place the offense itself within the category of infamous crimes and thereby oust the court of its jurisdiction.

Under the applicable provisions of law, therefore, the appellant is in no legal danger of being sentenced to hard labor, or of being ordered committed to any institution wherein hard labor may be lawfully required of him, and there is therefore no proper basis for the issue of a writ of prohibition. Whether the writ of prohibition might be employed, if appellant's claimed peril in fact existed, is not therefore considered.

In U. S. v. Moreland, supra, the defendant had been tried upon an information in the juvenile court of the District and sentenced to imprisonment at hard labor for six months. The statute authorized such punishment. The juvenile court was without jurisdiction to try capital or otherwise infamous crimes. In the other cited cases in the Supreme Court, it appears that the crime alleged was a felony, or that the punishment imposed by the sentence was at hard labor, or that the sentence was to an institution where hard labor was required.

In the event the officials of any institution to which appellant lawfully may be committed attempt to compel him to perform hard labor, notwithstanding the absence of that provision in the sentence and in the statute on which it is based, the courts will then be open to him for such relief as the law grants. In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149; U. S. v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631. He is not now legally in peril of such unlawful

imprisonment, because no presumption can arise that, if he is convicted, the police court in imposing sentence will exceed its authority or jurisdiction.

We have not considered whether or not the petition, verified in the manner it is, may not be regarded as insufficient.

The judgment below is affirmed, with costs.

Petition for writ of error to United States Supreme Court denied March 10, 1923.