## UNITED STATES v. STOVALL.

(District Court, D. Arizona. April 23, 1923.)

No. C–1539.

**Indictment and Information ⊚⟾3—Second offense of selling cannot be prosecuted by information; "infamous crime."**

A second offense of selling intoxicating liquor in violation of National Prohibition Act, tit. 2, § 3, is punishable by a fine of $2,000 and imprisonment for five years, and is therefore an "infamous crime," which cannot be prosecuted by information.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infamous Crime.]

Criminal prosecution by the United States against W. W. Stovall. On demurrer to information, and motion to dismiss. Demurrer sustained in part, and motion to dismiss denied.

Francis D. Crable, Asst. U. S. Atty., of Phœnix, Ariz.

Jesse C. Wanslee, of Phœnix, Ariz., for defendant.

JACOBS, District Judge. In this case an information was filed by the United States attorney on December 11, 1922, charging the defendant with a violation of the National Prohibition Act (41 Stat. 305). The information contains three counts. The first count charged the defendant on the 28th day of October, 1922, with unlawfully having in his possession certain intoxicating liquor, to wit, two pints of whisky. The second count charges the defendant with selling certain intoxicating liquor, to wit, one pint of whisky, on the said 28th day of October, 1922. The third count charges the defendant with another sale of intoxicating liquor, to wit, one pint of whisky, on the said 28th day of October, 1922. The information charges a prior conviction of the defendant of the crimes of possessing and selling intoxicating liquor, in violation of section 3 of title 2 of the Prohibition Act, the record of which conviction is found in criminal case No. 1415 in the Phœnix division of this court.

The defendant has interposed a general demurrer and a motion to dismiss each count of the information. This demurrer and motion goes to the jurisdiction of the court, and raises the question of the right to prosecute the defendant by information, when the punishment that may be imposed in the event of a conviction amounts to more than one year's imprisonment, and thereby constitutes an infamous crime, within the meaning of the Fifth Amendment to the Constitution of the United States. Trial of infamous crimes cannot be had "on information, but only on presentment or indictment by a grand jury." United States v. De. Walt, 128 U. S. 393, 9 Sup. Ct. 111, 32 L. Ed. 485. The question to be determined is: Does the information, by reason of the allegation of a prior conviction, charge an infamous crime?

The maximum penalty provided in the Prohibition Act for the sale of intoxicating liquor is a fine of $1,000 or six months' imprisonment. The maximum penalty for a second offense of selling, as provided by

the act, is a fine of $2,000 and five years' imprisonment. The penalty for possessing intoxicating liquor in violation of the act is a fine of $500, with no imprisonment. The maximum penalty for a second offense of possessing, as provided by the act, is a fine of $1,000 or 90 days' imprisonment.

The first provision of the Fifth Amendment of the Constitution of the United States, which is all that relates to this subject, is in these words:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger."

The Supreme Court, in the case of Mackin v. United States, 117 U. S. 351, 6 Sup. Ct. 778, 29 L. Ed. 909, states the rule that is to be applied in determining whether or not a crime is infamous, in the following language:

"The test is whether the crime is one for which the statutes authorize the court to award an infamous punishment, not whether the punishment ultimately awarded is an infamous one; when the accused is in danger of being subjected to an infamous punishment, if convicted, he has the right to insist that he shall not be put upon his trial, except on the accusation of a grand jury. The Constitution protecting every one from being prosecuted in a court of the United States, without the intervention of a grand jury, for any crime which is subject by law to an infamous punishment, no declaration of Congress is needed to secure, or competent to defeat, the constitutional safeguard."

In the case of Parkinson v. United States, 121 U. S. 281, 7 Sup. Ct. 896, 30 L. Ed. 959, it is held:

"The prosecution was under sections 5511 and 5512 of the Revised Statutes, which made the offenses charged punishable by a fine of not more than five hundred dollars, or by imprisonment not more than three years, or both. As the imprisonment may be 'for a period longer than one year,' the court can order that it shall be in the penitentiary. Rev. Stat. § 5541. This makes the crime 'infamous,' within the meaning of the Fifth Amendment of the Constitution of the United States, and the prosecution should have been by indictment and not by information."

In the case of Yaffee v. United States (C. C. A. Sixth Circuit) 276 Fed. 499, it is held that the offense of selling liquor "is not a capital or infamous crime, but is merely a misdemeanor, for which, under the provisions of Amendment 5 of the federal Constitution, the accused may be prosecuted" by information. Upon a reading of that case, however, it will be found that the first count of the information charged the defendant with unlawfully selling and furnishing intoxicating liquor, and the second count charged the unlawful possession. There was no charge of a prior conviction. The maximum penalty that the court might have imposed upon the conviction of the defendant on both of these counts was a fine of $1,000 or six months' imprisonment on the first count, and a fine of $500 on the second count. In no event could a sentence of imprisonment for more than six months have been imposed.

As heretofore stated, the maximum penalty for a second offense of unlawfully selling under the Prohibition Act, of which the defendant

is charged in this information, is a fine of $2,000 and five years' imprisonment, and if the defendant should be convicted on the second and third counts of the information, the court in this case could impose a penalty of five years' imprisonment on each count. It is quite clear that the second and third counts of the information, read together with the charge of a prior conviction of the defendant, each charge infamous crimes, and can only be prosecuted by indictment.

The demurrer to the second and third counts is sustained, and the motion to dismiss each of these counts is granted. As a maximum penalty for a second offense of possession under the act, as charged in the first count, does not permit of infamous punishment, and the charge being sufficient in law, the demurrer to the first count is overruled, the motion to dismiss is denied, and the government may proceed with the prosecution of that charge by information.