## THORM et al. v. UNITED STATES.
### No. 4785.

Circuit Court of Appeals, Third Circuit.

May 10, 1932.

Frederic M. P. Pearse and George R. Sommer, both of Newark, N. J., for appellants.

Phillip Forman, U. S. Atty., of Trenton, N. J., and John W. Griggs, Asst. U. S. Atty. of Trenton, N. J.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

The defendants were convicted and sentenced on an information containing two counts, one for illegal possession of intoxicating liquors, and the other for maintaining a nuisance, in violation of the National Prohibition Act (27 USCA §§ 12, 33).

A motion was made to dismiss the information, on the ground that the charge of maintaining a nuisance was not the proper subject-matter on an information. The motion was denied, and, from the judgment of conviction and sentence, this appeal was taken.

The record raises but a single question, viz., Can a person be prosecuted for maintaining a nuisance in violation of the National Prohibition Act, upon an information filed by the District Attorney with leave of the court, or must the offense be prosecuted by indictment? To decide this question, we turn to the Constitution of the United States. The applicable part of the Fifth Amendment provides as follows: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," with certain exceptions not relevant here.

The courts have defined the meaning of infamous crimes. In Falconi v. United States (C. C. A.) 280 F. 768, it was held that all felonies as defined by this section are "infamous crimes" within the Fifth Amendment, for which no civilian may be held to answer, unless on a presentment or indictment of a grand jury. To this same effect is Ex parte Bredo (D. C.) 279 F. 147; Sheridan v. United States (C. C. A.) 236 F. 305, and other cases.

Felonies and misdemeanors were defined by the Act of Congress of March 4, 1909, § 335 (18 USCA § 541), as follows: "All offenses which may be punished by death or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors."

Section 33, title 27, of the United States Code (27 USCA § 33), provides that any person who maintains a nuisance in violation of title 27 shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $1,000 or be imprisoned for not more than one year or both. Thus, under the law, a nuisance, as thus defined, was unquestionably a misdemeanor and punishable by information. On December 16, 1930, Congress passed the following act (18 USCA § 541):

"All offenses which may be punished by death or imprisonment for a term exceeding one year shall be deemed felonies. All other offenses shall be deemed misdemeanors:

"Provided, That all offenses the penalty for which does not exceed confinement in a common jail, without hard labor for a period of six months, or a fine of not more than $500, or both, shall be deemed to be petty offenses; and all such petty offenses may be prosecuted upon information or complaint."

It is the position of the defendants that this act of Congress changes all that has gone before, and definitely determines just

what cases may be prosecuted on informations. Such cases, they say, are all those wherein the punishment could be no more than six months' confinement in a common jail, without hard labor, and a fine not in excess of $500; and that all other cases must be prosecuted by indictment. I think this position to be wholly untenable. Congress was simply attempting to divide misdemeanors into two classes, one class of which it designated as petty offenses, with lower penalties. There are no words in the act, either expressly or by any reasonable implication, by which the remaining class of misdemeanors should be made subject to indictment.

The conclusion of the learned judge was correct, and the judgment is affirmed.