## McMILLAN v. BULLOCK.

1. OFFICER—EMBEZZLEMENT.—SEC. 22, ART. IV., CON. 1895, prescribes that three requisites must exist before the governor can remove an officer: (1) the officer must have in custody public or trust funds; (2) he must be probably guilty of embezzlement, or appropriation of such funds to private use; (3) there must be *true bill* for such crime.
2. OFFICER—PRACTICE—POSSESSION OF OFFICE.—When officer is suspended under sec. 22, art. IV., Con., the appointee to fill such vacancy may obtain possession of books, &c., without judicial determination of his right to office.

Before KLUGH, J., Abbeville, March, 1898. Affirmed.

Summary proceeding by James L. McMillan to obtain books, &c., of office of clerk of Court of Abbeville County, from W. R. Bullock, clerk elected. From order refusing the application, the plaintiff appeals.

*Messrs. Wm. N. Graydon* and *C. P. Townsend,* for appellant, cite: *Judicial determination of right to office not a condition precedent to such proceeding:* Code, 434, sub. 2, sec. 22; art. IV., Con. 1895; 32 S. C., 5; 11 How. Pr., 418. *All*

*requirements of Constitution as to suspension of officer are present here:* Con. 1895, art. IV., sec. 22; art. III., sec. 27; art. X., sec. 12.

*Messrs. Frank B. Gary* and *Ellis G. Graydon,* contra. The former cites: *Governor had no power to suspend in this case:* Sec. 22, art. IV., Con. 1895; 1 Bail., 459.

Sept. 14, 1898. The opinion of the Court was delivered by

Mr. Justice Pope. The appeal will be better understood by a reproduction of the pleadings, with a statement of the case. This was a summary proceeding instituted by James L. McMillan against W. R. Bullock, to recover from his possession the books, records, seal, etc., belonging to the office of the clerk of the Court of Common Pleas and General Sessions for Abbeville County. The proceeding was commenced before his Honor, Judge J. C. Klugh, Judge of the Eighth Judicial Circuit, under the provisions of section 434 of the Code of Procedure.

The following affidavit was presented to Judge Klugh: The State of South Carolina, county of Abbeville. Personally appeared before me, J. L. McMillan, who, being duly sworn, says: 1. That at the last term of the Court of General Sessions for Abbeville County the grand jury of said county presented W. R. Bullock to the Court for various misdemeanors in office, and among other things for forgery. 2. That thereupon a bill of indictment was handed to the grand jury by the acting solicitor, charging the said W. R. Bullock with forging certain pay certificates therein named, and said grand jury found a "true bill" on said indictment. That thereafter, to wit: on the 5th day of March, 1898, as deponent is informed by the governor of the State, and believes, the Honorable W. H. Ellerbe, governor of the State of South Carolina, issued an order suspending the said W. R. Bullock from the office of the clerk of the court for Abbeville County, until his acquittal of the charges brought against him. That thereafter, to wit: on the 9th day of

March, 1898, the Honorable W. H. Ellerbe, governor as aforesaid, appointed this deponent to the office of clerk of the court for Abbeville County, until the said W. R. Bullock was acquitted of the charges brought against him. That deponent filed his bond, as required by law, and took the oaths provided by the Constitution, and made formal demand upon the said W. R. Bullock for the possession of said office, books, papers, seal, etc. That said W. R. Bullock refused to surrender said office, books, papers, seal, etc., denying the right of the governor to suspend him, or to appoint deponent. That the said W. R. Bullock is still in possession of the books, papers, records, and seal of said office, and still refuses to deliver them to deponent, although he, the said Bullock, has been suspended from the office by the governor, and this deponent appointed to said office. J. L. McMillan. Sworn to and subscribed before me, this March 16, 1898. J. C. Klugh, Circuit Judge.

Upon hearing this affidavit, his Honor, Judge Klugh, signed the following order: Upon hearing the affidavit of J. L. McMillan, stating that he has been appointed clerk of the Court for Abbeville in the place and stead of W. R. Bullock, suspended by the governor, and that the said W. R. Bullock has upon demand refused to turn over to the said J. L. McMillan the books, records, papers, and seal of said office, on motion of W. A. Barber, attorney general, and Wm. N. Graydon, attorney for J. L. McMillan, it is ordered: That the said W. R. Bullock do show cause before me at my chambers, at Abbeville C. H., S. C., on Saturday, the 19th day of March, 1898, at 11 o'clock A. M., why he should not be ordered to deliver the books, papers, records, seal, and office appurtenances of the office of clerk of the Court of Abbeville County, which are now withheld by the said W. R. Bullock from said J. L. McMillan, as clerk of the Court for Abbeville County. Let a copy of this order be forthwith served upon said W. R. Bullock, by exhibiting to him the original, and leaving with him a copy of the same.

The following return was made by W. R. Bullock to said order: Your respondent, W. R. Bullock, for cause why he should not be ordered to deliver to James L. McMillan the books, papers, records, seal, and office appurtenances of the office of clerk of the court for Abbeville County, respectfully shows unto your Honor as follows: That at a regular election held in Abbeville County and in the whole State of South Carolina on Tuesday, the 3d day of November, 1896, in pursuance of the Constitution and Statutes of the said State, your respondent was duly elected clerk of the Court of Common Pleas and General Sessions for Abbeville County for a full term of four years from the said 3d day of November, 1896, to wit: until the general election to be held on the first Tuesday after the first Monday in November, 1900.   That thereafter, to wit: on the 13th day of January, 1897, the then governor of the said State, Honorable John Gary Evans, issued to your respondent, under his hand and the great seal of the said State, duly attested by Honorable D. H. Tompkins, secretary of state, a commission authorizing your respondent to have, hold, exercise, and enjoy the said office of clerk of the said court for the term of four years.   That your respondent has, ever since the said election, been exercising the duties of the said office, and is now the lawful clerk of the said court.   That section 22 of article IV. of the Constitution of this State reads as follows: "Section 22. Whenever it shall be brought to the notice of the governor by affidavit that any officer who has the custody of public or trust funds is probably guilty of embezzlement, or the appropriation of public or trust funds to private use, then the governor shall direct his immediate prosecution by the proper officer; and upon true bill found, the governor shall suspend such officer, and appoint one in his stead, until he shall have been acquitted by the verdict of a jury.   In case of conviction, the office shall be declared vacant, and the vacancy filled as may be provided by law." That your respondent is advised by his counsel, and verily believes, that the governor had no right to suspend an officer

until three things occur, to wit: 1. It must be brought to the notice of the governor by affidavit that an officer having the custody of public or trust funds is probably guilty of embezzlement or the appropriation of such public or trust funds to private use. 2. That the governor must have directed his immediate prosecution by the proper officer. 3. True bill must have been found upon such charge of embezzlement or appropriation of public funds to private use. That your respondent is further informed and believes that the governor had not directed any officer to prosecute your respondent on any such charge. That no true bill has been found against your respondent on the charge of embezzlement, or the appropriation of public or trust funds to private use, nor has any such prosecution been instituted against your respondent in any shape or form. That your respondent received some time ago from the Honorable W. H. Ellerbe, governor of the State, a letter informing your respondent that he, the said governor, had suspended him from the office of clerk of the court for Abbeville County; and your respondent has been informed that the said governor wrote a letter to the said James L. McMillan informing him that he had appointed him to the office of clerk of the court for Abbeville County. That your respondent is informed and advised by his counsel, and in good faith is acting upon that advice, that the attempt of the said governor to suspend your respondent and to appoint the said James L. McMillan to the office of clerk of the court for Abbeville County, is contrary to the Constitution and laws of this State, is in excess of any power conferred upon him by the said Constitution and laws, and is, therefore, null and void. That no judgment has ever been rendered by any court or tribunal holding either that the said James L. McMillan is the clerk of the court for said county, or that your respondent is not such clerk; nor has any action or proceeding ever been instituted against your respondent to test such right. That your respondent requested his attorneys, Messrs. F. B. Gary and E. G. Graydon, to go to Columbia and try to get the governor

to recall his said letter to your respondent, as your respondent, while feeling sure that he was entitled to hold his said office, wished to treat the governor with proper respect, and also to avoid any complications; but your respondent's said attorneys informed him that the said governor refused to reverse his said action, while admitting that he was in doubt as to his right to suspend your respondent in the absence of an indictment specifically charging your respondent with embezzlement, or the appropriation of public or trust funds to private use. That your respondent is further informed by his said attorneys that Honorable C. P. Townsend, assistant attorney general, was called into consultation with them and the governor, and that the said C. P. Townsend suggested that the proper course for your respondent was to refuse to surrender the said office, and let an action be brought to test his right, and that your respondent's attorneys then stated to the governor and the said C. P. Townsend that they would be compelled to advise your respondent to take that course. That your respondent has been informed, by statements in the newspapers and by others, that the said James L. McMillan has applied to your Honor for leave to bring an action against your respondent to test his right to said office, and that your Honor has granted him such leave, but no such action has been commenced against your respondent. That your respondent is perfectly willing for his right to hold said office to be tested by such an action. Your respondent respectfully submits that having been duly elected to the office which he now holds by the vote of the people, and duly commissioned for the term of four years, of which only a little more than one year has expired, and being in possession of said office under a *bona fide* claim of right, acting in good faith under the advice of his counsel, he should not be ordered to deliver to the said James L. McMillan the books, papers, records, seal, and appurtenances of his said office until and except the said James L. McMillan shall produce before your Honor a formal judgment rendered by a court or tri-

bunal of competent jurisdiction holding that the said James L. McMillan is the clerk of the court for Abbeville County, and as such is entitled to have, hold, exercise, and enjoy said office.  Wherefore, your respondent having fully answered the said order to show cause, and having, as he respectfully submits, shown good and sufficient reasons why he should not be ordered to turn over the books, papers, records, seal, and appurtenances of the office of clerk of the Court of Common Pleas and General Sessions for Abbeville County to the said James L. McMillan, prays the said order to show cause may be vacated and set aside, and that he may be allowed to go hence without delay.

The commission of J. L. McMillan was produced and shown to the Judge, appointing him to succeed W. R. Bullock, until the said Bullock was acquitted by a jury, as was also the papers upon which the governor acted in making the appointment, which are as follows: South Carolina, county of Abbeville.  To Hon. James Aldrich, presiding Judge: The grand jury beg to make the following special presentment: The former grand jury investigated the office of the clerk of the court, and have taken testimony as to certain alleged misconduct on the part of said clerk, and which testimony has been submitted to our body.  It appears that the said clerk, W. R. Bullock, has forged the name of Judge O. W. Buchanan to the following witness tickets: Emma Tench, five days attendance upon the Court in the case of the State, and upon which the said clerk collected the sum of $2.50; M. Childs, five days, and upon which the said Bullock collected the sum of $3.40.  He also forged the name of Judge Buchanan to the following constable tickets: George Marshall, one day, $1.50; G. H. Moore, one day, $1.50.  We hereby present the said W. R. Bullock for the forgery above mentioned, and give the names of Emma Tench, M. Childs, George Marshall, G. H. Moore, J. R. Blake, jr., John Lyon, Frank Nickels, W. A. Calvert, Walter Miller, and B. S. Barnwell as material witnesses.  We further beg your Honor to instruct the solicitor

to make out bills of indictment against the said W. R. Bullock at this term of the Court for the reason that this matter has been standing for quite a while and the public demands that some action immediately be taken. We will have other matters to present in our general presentment, which has not yet been prepared, and make this special presentment so that some immediate action can be taken in the matter of the clerk of this court. J. N. Knox, foreman. Abbeville County, S. C., January term.

To Hon. James Aldrich, presiding Judge: The grand jury beg leave to make the following presentment: That they have examined and passed on all bills of indictment handed them by the solicitor. By committee we have visited the county poor house, and find the inmates well cared for, the buildings in good condition. Also visited the county jail, and found everything in good shape. All magistrates, except J. L. Covin, have made their reports, and we find them correct, with all money turned over to treasurer, and taken receipts for same. All county officials have filed certified copies of all moneys received in their respective offices for the past year, except W. R. Bullock, clerk of the court. We recommend that he be required to do so at once. We find the clerk of court to be due the county the following amounts: $25 balance on circus license; $35 rent for court house; $30 fine of Ed. Turner; $50 fine of Ed. Simkins. We recommend that this money be turned over to treasurer. We recommend that in future the court room be not used for theatricals or shows. We have been unable at this time to make a thorough investigation of all the offices, but with the aid of an expert we hope to make a thorough examination, and report at June term of Court, if your Honor will grant us the privilege of deferring the matter until that time. The attention of the grend jury had been called to certificates being paid without the signature of the Judge, certified to by W. R. Bullock, paid by J. R. Blake, accepted by John Lyon and cancelled. We recommend that these

irregularities be stopped at once.    Respectfully submitted. J. N. Knox, foreman.

Also an order passed by Judge James Aldrich, by and with the consent of the attorneys of W. R. Bullock, turning over the indictment, presentment of the grand jury, or when the same affect the said W. R. Bullock, to M. F. Ansell, Esq., as solicitor.   Also the correspondence had by the solicitor, M. F. Ansell, Esq., with his Excellency, Governor W. H. Ellerbe, touching the indictment for forgery found against W. R. Bullock by the grand jury for Abbeville. Also a report made by the committee appointed by the grand jury from their own body to M. F. Ansell, Esq., as to their examination of the office of auditor for Abbeville County, in connection with W. R. Bullock as clerk, and also the supervisor's office.   They reported that they "find that the clerk has made no report to that office of fines and licenses collected by him, nor filed any report of the January term at all, and not until December of the previous Court.   We find on the treasurer's books that since the report of the grand jury to the June term of the Court in 1896, when a balance of his books was made up to the last of May, that he has paid up to the present time $83 for licenses and $343 for fines collected by him since the balancing of the books at that time.   From receipts and other evidences, we find that he has collected since that time $108 for licenses, $430 for fines, and $30 for rent of court room, showing a balance of $134 not accounted for at all; and of the sum paid, at least $150 was not paid until eight months after it was collected.   In the clerk's office we could find no record or book of any description in which is kept the amounts received and paid out by him, and we are not sure, but there may be other fines, licenses or rents unaccounted for.   We found his office in some respects not properly kept, and books and papers hard to find, and he himself was unable to produce some of the books and papers requested by us in our examination of his office, and we judge from his conduct, while we were making this examination,

that he is not qualified to perform the duties of his office; and while we were in his office, he was evidently under the influence of whiskey, and absented himself so as to disappoint us in our investigations, and left his office and the city, while we were looking up his matters, without giving us the proper information. There is now pending against him a preliminary examination for obtaining money under false pretenses from the supervisor, which he is trying to settle by assigning his court account to the trial justice. It is the concurrent opinion of the county officers and the public at large that he should be removed from office and some competent person appointed to take charge of it. Respectfully submitted.    J. N. Knox, T. N. Tolbert, G. W. Sharp."

After argument of counsel, and after considering the merits of this application in so far as they were involved in the conclusion reached, his Honor, Judge Klugh, granted the following order: This is an application to me for an order requiring W. R. Bullock to deliver to James L. McMillan the books, papers, records, seal, and office appurtenances to the office of clerk of court for Abbeville County. On the 16th day of March, 1898, I issued an order requiring the said W. R. Bullock to show cause before me, on the 19th day of March, 1898, why the said order should not be granted. The respondent made return to said order before me to-day. After hearing argument of Frank B. Gary and Ellis G. Graydon, attorneys for the respondent, and Hon. C. P. Townsend, assistant attorney general, and William N. Graydon, attorneys for the relator, I am of opinion that the application for such order, which is based on subdivision 2 of section 434 of the Code of Civil Procedure, is premature and cannot be considered until there has been a judicial determination that the person making such application is entitled to the office, the books, papers, &c., which he seeks to obtain. It is, therefore, on motion of Frank B. Gary and Ellis G. Graydon, attorneys for respondent, ordered, that the application for an order requiring the said

W. R. Bullock to deliver to the said James L. McMillan the papers, books, records, seal, and office appurtenances of the office of the clerk of the court for Abbeville County, be and the same is hereby refused. This order is made without prejudice to the right of the said James L. McMillan to bring such action against the said W. R. Bullock as he may be advised.

Within ten days from the date of this order the plaintiff gave notice of his intention to appeal to the Supreme Court, and within the time allowed by law served his case and exceptions as follows: I. Because it was error in Judge Klugh to hold that the application was premature. II. Because it was error in Judge Klugh to hold that the application could not be considered until there had been a judicial determination that the person making such application was entitled to the office. III. Because it was error in Judge Klugh not to consider the application on its merits. IV. Because it was error in Judge Klugh to dismiss the proceeding on the ground of want of jurisdiction. Wm. A. Barber, Wm. N. Graydon, appellant's attorneys.

Respondent's notice: Take notice that upon the hearing of the appeal in the said case in the Supreme Court, the respondent's attorneys will move to sustain the order of his Honor, Judge Klugh, on the following additional grounds, to wit: First. Because the said James L. McMillan did not establish a clear *prima facie* right to the office, and, therefore, an order directing the said Bullock to turn over the books, &c., of the said office to the said McMillan would have been improper. Second. Because the papers and the return upon said application showed that W. R. Bullock was and is in possession of the office of clerk of court for Abbeville County, under and by virtue of an unexpired commission from the governor of the State, that no indictment for embezzlement has been given out against him, and no true bill upon such charge has been found by the grand jury; that it was, therefore, beyond the power of the governor to suspend the said Bullock, and it would have

been improper for his Honor to have directed him to turn over the said books, &c., to the said McMillan. Ellis G. Graydon, Frank B. Gary, respondent's attorneys. April 24th, 1898.

We do not regret the trouble taken by us to see that the pleadings and other facts in this proceeding are set forth, for it is quite important that any step taken in Court relating to a public office should be clearly set forth. Was the Circuit Judge in error when he held that the application was premature? We do not think so, for if the section of the Constitution of 1895 controlling the method by which the governor of this State may suspend an officer and appoint his temporary successor is looked at, it prescribes three requisites: *First.* That the officer to be removed must be an officer who has the custody of trust or public funds. *Second.* He must be probably guilty of the crime of embezzlement or the appropriation to his own use of public or trust funds. *Third.* There must be a true bill on the charge of embezzlement against the officer to be removed. The clerk of the Circuit Court for Abbeville is an officer who has charge of trust or public funds, but where is there any allegation in this proceeding that he is guilty of the crime of *embezzlement?* The crime with which he is charged is forgery. So, too, the indictment preferred against him, and made a part of this proceeding, is for the crime of forgery, and not embezzlement. Therefore, apart from the position of the Circuit Judge as to the sections of the Code of Procedure of this State adopted instead of *quo warranto*, section 424, *et sequitur*, the Circuit Judge was right in holding that the application was premature. It need not be enlarged upon that when the Constitution of the State provides a plan for getting rid of an unworthy officer, that plan supersedes all others for that purpose; and not only so, but the requirements of the Constitution must be strictly complied with. Whenever the Constitution provides that one certain criminal offense shall be held to forfeit an office, it is tantamount to the declara-

tion that no other offense or crime shall fall within the remedy prescribed in the section of the Constitution under consideration.

We do not agree that the Circuit Judge was right in holding that an application to compel Bullock to turn over his books, papers, &c., must await judgment in an action to recover the office. We think that when the Constitution speaks and declares what shall be done, it is a part of Bullock's oath of office to obey. This is harmless error in this case, however.

As to the fourth ground of appeal, we think Judge Klugh was right in holding that the application failed to disclose the existence of facts essential to confer jurisdiction upon him to hear it. We hold that the application must disclose existence of every requirement of the Constitution, as we have herein pointed them out.

If Judge Klugh was without jurisdiction to hear the application, it is needless for us to consider appellant's third ground of appeal as well as those submitted by respondent.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.