## STATE ex rel. SHORT, Atty. Gen., v. BROWNLEE.

No. 14904—Opinion Filed Dec. 18, 1923.

(Syllabus.)

1. Appeal and Error—Decisions Appealable —Interlocutory Orders—Suspension of Officers.

Section 2418 Compiled Oklahoma Statutes, 1921, among other things, authorizes the court taking and having the jurisdiction of the proceedings to remove an officer, to suspend him pending the final determination of the matters charged, if sufficient cause is presented. This statute is permissive in its nature, and leaves the determination of whether or not the officer should be suspended, pending the trial on the matters with which he is accused, to the discretion of the court. The order of suspension, or de-

nying suspension, is interlocutory in its nature, and the statutes provide no appeal thereform by either party.

**2. Same—Refusal to Suspend County Judge —Dismissal of Appeal from Order.**

Record examined, and held, that the order of the district court of Kingfisher county, denying the motion of the plaintiff, the state on the relation of the Attorney General, to suspend the accused pending the trial on the merits of the allegations of the petition, is not reviewable by this court, and the motion of the defendant in error to dismiss the appeal should be sustained.

Error from District Court, Kingfisher County: James B. Cullison, Judge.

Action by the State, on the relation of George F. Short, Attorney General, against Emory D. Brownlee. From an order overruling a motion to suspend defendant as County Judge of Kingfisher County, plaintiff appeals. On motion to dismiss appeal. Motion sustained, and appeal dismissed.

Kathryn Van Leuven, Asst. Atty. Gen., for plaintiff in error.

P. S. Nagle, E. M. Bradley, and Harry C. Brownlee, for defendant in error.

BRANSON, J. At its regular biennial session in 1917 the Legislature of the state adopted an act commonly known as the Attorney General Bill, which act was cumulative in its nature and had for its purpose the speedy removal of persons from public office for causes enumerated in said act. The said act is incorporated in the Compiled Oklahoma Statutes, 1921, beginning at section 2411. Section 2414, Compiled Oklahoma Statutes, which is a part of said bill, provides:

"It shall be the duty of the Attorney General of this state, when directed by the Governor, or upon notice being received by him in writing and verified by five or more reputable citizens of the county before some officer authorized to administer oaths, that any officer herein mentioned has been guilty of any of the acts, omissions or offenses as set out in section 3 of this act, to forthwith investigate such complaint, and if on such investigation he shall find that there is reasonable cause for such complaint, he shall forthwith institute proceedings in the Supreme Court of the state, or any district court of the county of the residence of the accused, to oust such officer from office."

The provisions of said last quoted section were complied with in the instant case in that five citizens of Kingfisher county, Okla., filed with the Attorney General of the state a verified petition making complaint against the defendant in error herein and praying that a petition be filed, in accordance with said section, against the defendant in error, Emory D. Brownlee, to remove him from the office of county judge of Kingfisher county, Okla. The office of the Attorney General made the investigation on the 26th day of October, 1923, through its representative, Kathryn Van Leuven, Assistant Attorney General; filed a petition in the district court of Kingfisher county, Okla., in the name of the state on the relation of the Attorney General, against Emory D. Brownlee, for the purpose of removing him from office as county judge for acts alleged to involve moral turpitude. Notice was duly served as provided by said act of the Legislature upon the defendant in error.

Section 2418, Compiled Oklahoma Statutes, 1921, provides:

"When the complaint or petition for removal is filed, if in addition to the matter charged as ground for removal the complaint shall also pray that the officer charged be suspended from office pending an investigation or trial, the Supreme Court or any judge thereof, or any district judge or court of the county of the residence of the accused, may, upon not less than ten days' notice to the respondent, if sufficient cause appear from the petition and the affidavits or depositions then filed and presented, order the suspension of the accused, from the functions of his office until the determination of the matter, and upon such suspension the court shall immediately appoint some proper and qualified person temporarily to fill said office and perform its duties until such proceedings for removal shall be finally determined, and in the event of the removal of the officer so suspended the vacancy shall be filled in the manner provided by law for filling vacancies in such office.

"If on the final hearing of the complaint or petition herein, provided the officer is not removed from his office he shall receive the salary allowed him by law during the time of his suspension.

"Such officer so temporarily appointed shall also in any event receive the same salary as is provided by law to be paid to the officer filling such position."

In compliance with provisions of said act and seeking the remedy therein provided for, the last paragraph of said petition so filed in the name of the state for the removal of said defendant in error prayed as follows:

"That the judge of this court may order the suspension of said Emory D. Brownlee, said county judge of Kingfisher county, from the functions of said office pending the final determination of this cause, and the trial of this accusation."

On the 3rd day of November, 1923, this part of the petition, to wit, that the defendant in error be suspended from the office of county judge pending the trial of the matters alleged against him, came on to be heard before the Hon. James B. Cullison, judge of the district court of Kingfisher

county, Okla. This application to suspend the defendant in error pending the trial of the cause was supported by certain affidavits, or ex parte interrogatories; after the presentation of which the representative of the Attorney General's office, as disclosed by the record, engaged in a lengthy colloquy with the said judge of the district court, as to the sufficiency of the showing made to warrant the trial court in entering an order under the said section 2418, suspending the said Emory D. Brownlee from office pending the trial of the cause. At the conclusion of which, this order was entered:

"The motion to suspend Judge Brownlee as county judge of Kingfisher county, Okla., will be overruled, and it is so ordered"
—to which exception was saved and notice of appeal to the Supreme Court of the state was given.

Petition in error is filed by the state seeking to reverse the order of the district court denying the application to suspend the defendant in error pending the trial of the cause. The controlling allegation of the petition in error is:

"That said order overruling motion to suspend pending final determination of cause was contrary to law and contrary to the evidence submitted in the form of affidavits, as provided by law."

To the petition in error is attached a case-made, or the record of this hearing. The matter is now before this court on the motion of the defendant in error through his attorneys of record to dismiss this appeal.

The record discloses that the defendant in the district court, who is the defendant in error here, is the duly elected, qualified, and acting county judge of Kingfisher county, and was such officer at the time of the alleged commission of the offenses alleged in the petition as constituting grounds for removal under the procedure of the said Attorney General Bill; but there is nothing now presented to this court for determination but the issue raised by the motion to dismiss this particular appeal. It will be noted from the above quoted section 2418 that the court taking jurisdiction of such proceedings may, upon not less than ten days' notice to the respondent, if sufficient cause appears from the petition, and the affidavit, or depositions filed and presented, order the suspension of the accused from the functions of his office until the determination of the matter. The district judge heard the affidavits presented in support of the motion to suspend the defendant in error and refused to enter the order of suspension. The language of the said section authorizing the suspension of the officer accused, pending the trial of the cause, is clearly permissive and vests the court with a discretion, in exercising which the nature of the alleged offense and the showing made must be considered to determine whether or not the defendant should be suspended pending trial. The order of suspension, under the provisions of said section, if such be entered, or the order refusing the suspension under the said section, if that is the judgment of the court having jurisdiction, is interlocutory and there is no provision of the statutes authorizing an appeal therefrom. If in the judgment of the district court the defendant in error should be suspended pending the trial of the case, there is no provision of the statutes under which he could have said order reviewed by this court. The order of the district court having denied the motion to suspend, there is no provision of the statute that authorizes an appeal to this court therefrom. The matter of suspension, based upon the facts presented to the district court, if that is the court having the jurisdiction, is a matter left by the statute for its determination, from which neither the state nor the accused has the right of appeal. The remedy provided by the statute itself is found in section 2415, which provides:

"Said proceedings in ouster shall be tried in a speedy manner, and shall have precedence in said court and shall be tried at the first term after the filing of the complaint er petition herein named; provided, the answer hereinafter mentioned shall have been on file at least ten days before the day of trial. A continuance may be granted either side for good cause shown, but no continuance shall be granted by an agreement of the parties."

This section provides for a speedy trial and the determination of the issue raised, and this irrespective of whether the accused be suspended by the court pending the trial of the cause on its merits.

For the reasons given, the motion of the defendant in error to dismiss this appeal is sustained, and the appeal is dismissed.

All the Justices concur, except HARRISON, J., not participating.