**STATE ex rel. MURRAY, Governor, v. BOZARTH, Judge.**

No. 25297.     Feb. 13, 1934.

J. Berry King, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for plaintiff.

Thomas H. Owen, Earl Foster, and Steele & Boatman, for defendant.

OSBORN, J. This is an original proceeding filed in this court in the name of the state of Oklahoma by the Attorney General, upon the direction and on relation of the Governor of the state of Oklahoma, against Mark L. Bozarth, judge of the Twenty-Second judicial district of the state of Oklahoma, for an order, under the superintending control of this court over inferior courts and tribunals, mentioned in section 2, article 7, of the Constitution, to prevent the said respondent, as such judge, from performing the duties of his office. It is alleged that he is one of the duly elected and qualified judges of the said judicial district of the state of Oklahoma. but that he was informed against in the district court of Oklahoma county for a felony involving moral turpitude, to wit, obtaining

money under false pretenses; and that on the 7th day of December, 1933, he was convicted thereof, and on the 15th day of December, 1933, judgment and sentence in conformity with said conviction was duly rendered and pronounced against him, from which he has perfected an appeal to the Criminal Court of Appeals of the state of Oklahoma, which appeal has not yet been disposed of.

It is conceded that the offense charged against respondent, and for which he was convicted, does not carry as a part of the penalty thereof a forfeiture of office. It is conceded, also, that this proceeding does not partake of the nature of quo warranto as mentioned in section 766, O. S. 1931, and is not a proceeding instituted under the provisions of what is known as the Attorney General's Bill, enacted in 1917, and appearing in sections 3464-3478, inclusive, O. S. 1931. It is also conceded that said conviction instituted through a grand jury under the provisions of sections 3447 and 3448, O. S. 1931. It is also conceded that said conviction did not result in the vacation of said office by reason of the inhibition contained in the fifth paragraph of section 3408, O. S. 1931, which provides as follows:

"Every office shall become vacant on the happening of either of the following events before the expiration of the term of such office. * * *

"Fifth. Conviction of any infamous crime or any offense involving a violation of his official oath: Provided, that no conviction, as a cause of vacation of office, shall be deemed complete so long as an appeal may be pending, or until final judgment is rendered thereon."

Relief is sought in this novel proceeding by virtue of the provisions of section 2 of article 7 of the Constitution, as follows:

"The appellate jurisdiction of the Supreme Court shall be co-extensive with the state, and shall extend to all civil cases at law and in equity, and to all criminal cases until a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases shall be established by law. The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law. The Supreme Court shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition, and such other remedial writs, as may be provided by law, and to hear and determine the same: and the Supreme Court may exercise such other and further jurisdiction as may be conferred upon it by law. * * *"

The Attorney General, in his brief, says:

"Plaintiff has been unable to find any case directly bearing upon the exact issues involved in this case and realizes that the decision of this court in the premises will therefore be a matter of first impression. Probably the laws of other states are not so wholly inadequate to cope with an exigency such as is involved in this case, which inadequacy in the laws of this state will hereinafter be shown, and hence it is probably for that reason that we find a lack of direct precedent."

Much has been said in the brief of the Attorney General as to the origin, nature, and extent of the power of superintending control as authorized by the above provision of the Constitution. The fact that the diligence of the Attorney General has failed to disclose where this jurisdiction has been invoked in this or any other state to procure the relief sought here is a signpost of warning that should be carefully heeded. But we do not deem it necessary, under the view that we take of the issues in this case, to delve into the historic origin or nature of said jurisdiction or to plumb the outside boundary lines thereof.

By the provisions of section 1, art. 8, of the Constitution, certain officers are subject to impeachment on certain grounds therein stated. By section 2, art. 8, it is provided that:

"All elective officers not liable to impeachment shall be subject to removal from office in such manner and for such causes as may be provided by law."

By section 6 of said article, it is provided:

"The Legislature shall pass such laws as are necessary for carrying into effect the provisions of this article."

By section 3447, O. S. 1931, certain grounds for removal from office are set forth, and by section 3466, O. S. 1931, three additional grounds for removal were provided. The latter two of said grounds mentioned in the last section have heretofore been stricken down as contravening the provisions of the Constitution. Dabney, Atty. Gen., v. Peck, 139 Okla. 12, 280 P. 1078; State ex rel. Dabney, Atty. Gen., v. Sheldon, 135 Okla. 278, 276 P. 468. By the provisions of section 3448, O. S. 1931, et seq., detailed and elaborate provisions were made for the removal of officers by action of a grand jury. By the provisions of section 3461, O. S. 1931, it is provided:

"When the complaint for removal is filed, if in addition to the matter charged as ground for removal the complaint shall also pray that the officer charged be suspended from office pending investigation, the judge of the court may, if sufficient cause appear from the charge or from the testimony, or

affidavits then presented, order the suspension of the accused from the functions of his office until the determination of the matter."

In the case of Schaeffer v. Jackson, 106 Okla. 194, 225 P. 961, the third paragraph of the syllabus is:

"Where a statute provides that an officer may be removed for certain specified causes, the order of removal must be based upon some one or all of such causes, and cannot be made for other causes."

This statement of the rule is supported by ample authority: 46 C. J. 985, sec. 147; Village of Kendrick v. Nelson (Idaho) 89 P. 755; Lowe v. Commonwealth (Ky.) 3 Met. 241; Ex parte Lehman, 60 Miss. 976; Ridgeway v. Ft. Worth (Tex. Civ. App.) 243 S. W. 740; Lucus v. Futrall, 84 Ark. 540, 106 S. W. 667; Dullan v. Willson, 53 Mich. 393, 19 N. W. 112; State v. Burnquist, 141 Minn. 308, 170 N. W. 201; McMillan v. Bullock (S. C.) 31 S. E. 860; Commonwealth ex rel. Woodruff, Atty. Gen., v. Benn (Pa.) 131 Atl. 253; In re Snyder's Case (Pa.) 152 Atl. 33; State v. Gravolet (La.) 123 So. 111.

In Ex parte Lehman, supra, the court held that, where the Constitution and statutes prescribe a method for the removal of officers, those methods are exclusive of all others. Lucus v. Futrall, 84 Ark. 540, 106 S. W. 667; Dullam v. Willson, 53 Mich. 393, 19 N. W. 112; State v. Burnquist, 141 Minn. 308, 170 N. W. 201; McMillan v. Bullock (S. C.) 31 S. E. 860.

In the case of State v. Gravolet, supra, the court said:

"Where the Constitution provides a method of debarring or removing an officer from his office, such method is exclusive."

The Legislature having provided specific grounds for the removal of officers and a procedure carrying such law into effect, said grounds and procedure are therefore exclusive.

It is to be noted that the Constitution does not specifically mention the right to suspend a public officer. The above quoted statute, however, provides that suspension may be had upon complaint for removal. Such authority is discretionary with the court, and is an incident of the power of removal. State ex rel. Short v. Brownlee, 96 Okla. 250, 222 P. 232; 46 C. J. 982; Gregory v. Mayor of New York (N. Y.) 21 N. E. 119.

But it is said by the Attorney General that the situation herein disclosed is not covered by any of the enumerated grounds mentioned in the statutes for removal. On this point we express no opinion, for the reason that same is not properly before us. But if this be true, the dereliction is on the part of the Legislature, to whom by the Constitution has been delegated the authority and duty of determining the grounds upon which public officers shall be prohibited from exercising their official duties.

It is also said by the Attorney General that in this proceeding he is not seeking the removal of respondent from office, nor his suspension, but that this court should issue a writ of superintending control to prevent the respondent from performing the duties of his office during the time the case in which he was convicted is pending on appeal. It is conceded, however, that respondent is possessed of all the constitutional and statutory qualifications required of the incumbent of said office except that he has been convicted of a felony involving moral turpitude. The Attorney General says that, notwithstanding the issuance of said writ, respondent will continue to be district judge of said district, but that the exigency of the occasion requires and demands that he be prohibited from exercising the functions of his office and discharging the duties thereof.

He was commissioned in a proper manner, under the Constitution and laws, by the people of said political subdivision to discharge the duties of said office, and until removed or suspended in a manner authorized by law he is vested with the authority of said office. We cannot yield our assent to the reasoning of the Attorney General that the respondent can be deprived of authority by this court to perform the duties of his office, for such is tantamount to suspension.

As was said in the case of State ex rel. Timothy v. Alexander (Tenn.) 178 S. W. 1107:

"Acts 1915, c. 11, sec. 8, provides relative to ouster proceedings that, if defendant shall be found guilty, judgment of ouster shall be rendered against him and he shall be ousted from his office. Section 10 authorizes the court to suspend accused officers from performing the duties of their office pending the final hearing and determination of the matter, but further provides that no person shall be suspended until at least five days' notice of the application for the order of suspension shall be served upon him, that such officer may appear and shall be entitled to a full hearing upon the charges contained in the complaint and upon the application for the order of sus-

pension, and that when an order of suspension is made the vacancy shall be filled as the law provides for the filling of vacancies of such office. Held, that an' injunction restraining an officer sought to be ousted from exercising the functions of his office would accomplish the same results as his suspension, and, having been granted without the required notice and hearing, was unauthorized and beyond the power of the trial judge."

For the reasons above given, the relief prayed for by petitioner is denied.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and BUSBY, JJ., concur. WELCH, J., absent.