BRIGGS v. BOARD OF COM'RS OF MUSKOGEE COUNTY et al.

No. 34451. April 25, 1950.

*217 P. 2d 827.*

R. M. Mountcastle and Kelly Brown, both of Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Ed. A. Edmondson, Jr., County Atty., Muskogee County, of Muskogee, for defendants in error.

ARNOLD, V. C. J. Eddie J. Briggs was serving his second term as sheriff of Muskogee county when he was indicted by a Federal grand jury under the conspiracy statute of the United States of the offense of conspiring to operate and the combined operation of a wholesale liquor business in Muskogee county. The indictment reads:

"That from on or about the 15th day of November, 1946, down to and including the 1st day of September, 1948, and continuously between said dates, in Muskogee County, Eastern District of Oklahoma, and at other places at this time to the grand jurors unknown, Fred Payne, Guy Payne, Velta Peters, Eddie J. Briggs, Gene Andrews and Harley Greenwood, hereinafter referred to and designated as defendants, in violation of Section 88 of Title 18, United States Code, did, willfully conspire, confederate, combine and agree together, with each other and with other persons at this time to the grand jurors unknown, to commit certain offenses against the laws of the United States as follows, to-wit: that they would carry on the business of wholesale liquor dealers in Muskogee County, in the Eastern District of Oklahoma, without paying special taxes for such occupation. . . ."

Upon trial Briggs was found guilty by the jury "as charged in the indictment." The conviction was appealed and affirmed by the United States Circuit Court of Appeals. In its opinion affirming the judgment and sentence that court said:

"The evidence was amply sufficient to support the verdict of the jury that a conspiracy existed between the sheriff and Payne to engage in the wholesale liquor business. . . ."

Based on allegations of malfeasance in office during the second or present term of Briggs, an ouster proceeding was brought in the district court of Muskogee county. He was tried on the 10 counts set forth in the petition, acquitted on 8 of them, but the jury failed to agree on the other 2 and the case now pends on those 2 counts. For the obvious reason that the ouster proceeding is based on alleged malfeasance in office during the present term of office of Briggs, while the conviction here relied upon as creating a vacancy in his office is based on overt acts

occurring in a prior term of office, the ouster case is wholly immaterial here.

After the conviction of Briggs had become final the county commissioners of Muskogee county gave Briggs written notice that on a day fixed in the notice they would determine if a vacancy existed in the office of sheriff by reason of his conviction in the Federal Court. Thereupon the instant action was instituted for the purpose of enjoining the said commissioners from declaring the office vacant and from appointing someone to fill the vacancy. A temporary restraining order was issued and the case was tried on the application for permanent injunction. The injunction was denied and the board of county commissioners declared a vacancy existed and filled it.

The only assignment of error not hereinbefore disposed of is that:

"The judgment of the court was based upon a matter, or cause for removal, consisting of a conviction of a crime under a Federal statute, which is not a violation of any Oklahoma statute and is, therefore, no ground for removal from office."

It is correctly conceded that a felony under the laws of this state is an infamous crime. Whether a crime is infamous or not is not determined by the nature of the offense, but the punishment prescribed for such offense. See Butler v. Wentworth, 84 Me. 25, 24 Atl. 456; Ex parte Wilson, 114 U. S. 417, 5 S. Ct. 935, 29 L Ed. 89; Mackin v. United States, 117 U. S. 348, 6 S. Ct. 777, 29 L. Ed. 909; Parkinson v. United States, 121 U. S. 281, 7 S. Ct. 896, 30 L. Ed. 959; United States v. De Walt, 128 U. S. 393, 9 S. Ct. 111, 32 L. Ed. 485; In re Medley, Petitioner, 134 U. S. 160, 169, 10 S. Ct. 384, 33 L. Ed. 835; In re Mills, 135 U. S. 263, 267, 10 S. Ct. 762, 34 L. Ed. 107; In re Claasen, 140 U. S. 200, 204, 205, 11 S. Ct. 735, 35 L. Ed. 409. If Briggs was convicted of an offense which is a felony under the laws of this state, his office became vacant by operation of law by virtue of 51 O. S. 1941 §8, which provides:

"Every office shall become vacant on the happening of either of the following events before the expiration of the term of such office: . . . Conviction of any infamous crime or any offense involving a violation of his official oath; provided, that no conviction, as a cause of vacation of office, shall be deemed complete so long as an appeal may be pending, or until final judgment is rendered thereon."

At all times hereinbefore mentioned, 21 O. S. 1941 §424 was in force. It provides:

"If two or more persons conspire either to commit any offense against the State of Oklahoma, or to defraud the State of Oklahoma in any manner or for any purpose, and if one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars ($10,000.00) or to imprisonment for not more than two years or to both fine and imprisonment in the discretion of the court or jury."

Our conspiracy statute forerunning this one was quite different. (21 O. S. 1941 §421). Our present conspiracy statute was taken from the Federal Code being an exact copy of the Federal Statute on conspiracy with the exception of the substitution of the name of Oklahoma for the United States. The United States Courts have consistently held that a conviction thereunder is a conviction of a felony. Another section of the Federal Code makes the Federal conspiracy statute a felony. That is not true of our statute. However, a felony is defined by our statute (21 O. S. 1941 §5) in the following manner:

"A felony is a crime which is, or may be, punishable with death, or by imprisonment in the State prison."

A conviction under the present conspiracy statute, supra, has been held by the Criminal Court of Appeals to be a conviction of a felony. Burns v.

State, 72 Okla. Cr. 432, 117 P. 2d 155. Both our removal statute (22 O. S. 1941 §1181) and 51 O. S. 1941 §8, which sets forth the conditions which effect a vacancy in office, were adopted from North Dakota at the same time. There is no overlapping in them. They have a different purpose and the procedure provided is different and exclusive in each instance. Conspiracy to violate certain laws and the violation of such laws are very different crimes. Conspiracy for obvious reasons is a much graver crime which no doubt accounts for the fact that conspiracy to commit a misdemeanor is made a felony. Operating a wholesale liquor business in this state constitutes a violation of our prohibitory laws and the offense of conspiring to do this is a felony under the state conspiracy statute, supra.

What has been said furnishes the answer to the argument of the plaintiff in error that he was convicted only of offending the revenue laws of the United States and that this does not constitute a crime under the laws of this state. This argument overlooks the fact that the indictment charged the crime of conspiracy to violate the laws of the United States. Violation of the Revenue Code is one offense and conspiracy to violate the laws of the United States by failure to pay the tax provided by the Revenue Code is another and very different crime. If Briggs had been indicted and convicted merely of violating the Revenue Code of the United States, then the argument that he had not been convicted of an offense which is a crime under the laws of this state would be correct. In this connection it must not be lost sight of that the conviction of Briggs was dependent upon a determination, as pointed out by the Circuit Court of Appeals, that Briggs, with others, operated a wholesale liquor trade, that is, bought and sold liquor at wholesale in Muskogee county. Though it is true that this, without failure to pay the Federal tax on the liquor bought and sold, would not be a Federal offense, the sale of liquor is a crime

under the state law. The conviction of conspiracy to operate a wholesale liquor business in Muskogee county without paying the Federal tax thereon constitutes a conviction or determination of all the essential elements or included offenses thereof of which the state felony of conspiring to operate a wholesale liquor business in this state is one. The real question here is: Has Briggs been judicially determined to have conspired to operate and to have operated a wholesale liquor business, which is a felony under our state laws? Giving the conviction the narrow construction placed on it by the plaintiff in error, he was convicted of conspiracy to violate the Revenue Code of the United States and thereby judicially determined to have conspired to operate a wholesale liquor business in this state. Though the selling of liquor, not charged to have been after former conviction, is only a misdemeanor under the laws of this state, the crime of conspiracy to commit such misdemeanor is a felony.

It is perfectly obvious from what has been said that the Yocham v. Horn Case (201 Okla. 647, 207 P. 2d 919), which is authority for the principle of law that a conviction of a felony under the Federal laws which is not an infamous crime under the state laws and the case of State v. Bozarth, 167 Okla. 321, 29 P. 2d 579, which is authority for the proposition that this court will not enjoin a district judge from the performance of his duties as such while his conviction is on appeal because he is not removable during appeal, are not in point here.

We have confined this opinion to the questions raised by the plaintiff in error without any intention of answering any other questions that might have been raised. Considering the record before us in the light of the errors assigned, we conclude that plaintiff in error has been convicted of a felony under the laws of the United States which is an infamous crime under the

laws of this state and that said conviction by operation of law vacated his office as sheriff of Muskogee county.

The judgment of the district court of Muskogee county in refusing to enjoin the board of county commissioners is affirmed.