OSCN Found Document:IN THE MATTER OF THE ESTATE OF MIDDLETON

 

 
 

 
 IN THE MATTER OF THE ESTATE OF MIDDLETON
2018 OK 7
Case Number: 115227
Decided: 01/30/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 7, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE ESTATE OF KENNETH LEROY MIDDLETON, deceased,

CHERIE BISHOP, Appellant,
v.
JOHNNY R. MIDDLETON, Appellee.

APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY,
STATE OF OKLAHOMA

HONORABLE ALLEN J. WELCH, TRIAL JUDGE

Â¶0 The probate court disqualified one of two co-personal representatives nominated in decedent's will. The disqualified nominee had a felony conviction for DUI. The probate court ruled that this was a conviction for an infamous crime as provided in 58 O.S.2011, Â§ 102(2), and as defined in In re Dunham's Estate, 1937 OK 663, 74 P.2d 117 and Briggs v. Board of County Commissioners, 1950 OK 105, 217 P.2d 827. The disqualified nominee appealed and asked this Court to retain this appeal.

APPEAL RETAINED; ORDER OF DISQUALIFICATION AFFIRMED

Terrell Monks, OKLAHOMA ESTATE ATTORNEYS, PLLC, Midwest City, Oklahoma, for Appellant,

Babette Patton, BREATHWIT & PATTON, P.C., Oklahoma City, Oklahoma, for Appellee.

REIF, J.

Â¶1 Cherie Bishop appeals the probate court order that disqualified her from serving as co-personal representative of the estate of Kenneth Leroy Middleton. Ms. Bishop had been nominated to serve as a co-personal representative in Kenneth's Last Will and Testament. Ms. Bishop's eligibility to serve as co-personal representative was questioned by Johnny R. Middleton, Kenneth's nephew, and the other nominated co-personal representative. Johnny asserted that Ms. Bishop had been convicted of an infamous crime and was not competent to serve as a co-personal representative as provided in 58 O.S.2011 Â§ 102(2).[1] This statute excludes anyone who has been convicted of an infamous crime from serving as an executor of an estate. Based on Ms. Bishop's stipulation that she had a felony DUI conviction, the trial court ruled that she was disqualified to serve as a co-personal representative under the infamous crime exclusion in Â§ 102(2).

Â¶2 In concluding that a felony DUI conviction was a conviction for an infamous crime as provided in Â§ 102(2), the trial court relied upon In re Dunham's Estate, 1937 OK 663, 74 P.2d 117 and Briggs v. Board of County Commissioners, 1950 OK 105, 217 P.2d 827. The Dunham case construed another probate code statute - 58 O.S.1931 Â§ 126(2) - that excludes anyone convicted of an infamous crime from serving as an administrator or administratrix of an estate.[2] The Briggs case construed a statute - 51 O.S.1941 Â§ 8 - that provides for the vacation of a public office upon conviction of the office holder of an infamous crime.[3] Both cases similarly observed that if the crime for which the individual was convicted carried felony punishment under Oklahoma law, then the individual had been convicted of an infamous crime.

Â¶3 Ms. Bishop acknowledges that this is the settled law. She nonetheless argues that this Court should retain this appeal and "change the current state of the law to define an 'infamous crime' as a crime of moral turpitude." In response, Johnny Middleton offered no objection to this Court reviewing 58 O.S.2011 Â§102(2), to determine if the term infamous crime should be "narrowed." Mr. Middleton urges, however, that any new rule concerning infamous crime be applied prospectively so that steps and distributions that have already been completed in the probate of Kenneth's estate will not be disturbed.

Â¶4 This appeal was retained because the change in case law that Ms. Bishop seeks could only be ordered by this Court. Upon review, we decline to grant her relief.

Â¶5 We note that the Legislature has taken no action in the past 80 years to disapprove of this Court's interpretation of infamous crime as used in the probate code and 51 O.S.2011 Â§ 8. In fact, the Legislature actually codified the Briggs interpretation of infamous crime as used in 51 O.S.2011 Â§ 8. In 1981, the Legislature replaced the term "infamous crime" with the term "any felony."[4] As concerns 58 O.S.2011 Â§Â§ 102(2) and 126(2), the Legislature has undertaken no amendment of these statutes since Dunham was decided in 1937.

Â¶6 In view of these circumstances, we must conclude that the Legislature has tacitly approved the Dunham interpretation of infamous crime to mean a felony under Oklahoma law. This interpretation provides a "bright line" rule that is easily understood and applied. Respect for stare decisis dictates that any change or narrowing of this longstanding rule come from the Legislature, and not this Court.

Â¶7 Ms. Bishop admits that she has a felony conviction under Oklahoma law for D.U.I. and thus has a conviction for an infamous crime. By the express command of statute, she is not competent to serve as an executor. Accordingly, the trial court did not err in entering an order that disqualifies her from serving as a co-personal representative of the Estate of Kenneth Leroy Middleton.

APPEAL RETAINED; ORDER OF DISQUALIFICATION AFFIRMED.

CONCUR: COMBS, C.J.; and GURICH, V.C.J.; and KAUGER, WINCHESTER, EDMONDSON, COLBERT, REIF, and WYRICK, JJ.

FOOTNOTES

[1] Section 102 provides:

"No person is competent to serve as executor who at the time the will is admitted to probate is

1. Under the age of majority.
2. Convicted of an infamous crime.
3. Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding and integrity."

[2] Section 126 provides:

"No person is competent to serve as administrator or administratrix, who, when appointed, is:

1. Under the age of majority.

2. Convicted of an infamous crime.

3. Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence or want of understanding or integrity."

[3] The Briggs court stated: "If Briggs was convicted of an offense which is a felony under the laws of this State, his office became vacant by operation of law by virtue of 51 O.S. 1941 Â§ 8, which provides: 'Every office shall become vacant on the happening of either of the following events before the expiration of the term of such office: . . . Conviction of any infamous crime or any offense involving a violation of his official oath; provided, that no conviction, as a cause of vacation of office, shall be deemed complete so long as an appeal may be pending, or until final judgment is rendered thereon.'" 1950 OK 105 at Â¶6, 217 P.2d at 829.

In 1981, Â§ 8 was amended and the current version of Â§ 8 states:

"Every office shall become vacant on the happening of any one of the following events before the expiration of the term of such office:

First. The death of the incumbent or his resignation.

Second. His removal from office or failure to qualify as required by law.

Third. Whenever any final judgment shall be obtained against him for a breach of his official bond.

Fourth. Ceasing to be a resident of the state, county, township, city or town, or of any district thereof, in which the duties of his office are to be exercised or for which he may have been elected or appointed.

Fifth. Conviction in a state or federal court of competent jurisdiction of any felony or any offense involving a violation of his official oath; provided, that no conviction, as a cause of vacation of office, shall be deemed complete so long as an appeal may be pending, or until final judgment is rendered thereon.

Sixth. Upon entering of a plea of guilty or nolo contendere in a state or federal court of competent jurisdiction for any felony or any offense involving a violation of his official oath.

The fact by reason whereof the vacancy arises shall be determined by the authority authorized to fill such vacancy."

[4] The 1981 amendment substituted, in subparagraph Fifth, "Conviction in a state or federal court of competent jurisdiction of any felony" for the language in the previous version of the statute which read, "Conviction of any infamous crime." 51 O.S.2011 Â§ 8 (Historical and Statutory Notes)..