Robert C. LOOS, Appellant,

v.

William H. HARDWICK, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.

No. 15505.

United States Court of Appeals Fifth Circuit.

June 30, 1955.

No appearance, for appellant.

James W. Dorsey, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, JONES, Circuit Judge, and WRIGHT, District Judge.

PER CURIAM.

The petitioner, Robert C. Loos, entered a plea of guilty to a violation of the provisions of the Federal Bill of Lading Act, 49 U.S.C.A. § 81 et seq. He was represented by counsel. He was sentenced for a term of four years and pursuant to his sentence is now confined at the United States Penitentiary in Atlanta, Georgia.

The penal provisions of the above-mentioned statute are:

"Any person who, knowingly or with intent to defraud, falsely makes, alters, forges, counterfeits, prints or photographs any bill of lading purporting to represent goods

received for shipment among the several States or with foreign nations, or with like intent utters or publishes as true and genuine any such falsely altered, forged, counterfeited, falsely printed or photographed bill of lading, knowing it to be falsely altered, forged, counterfeited, falsely printed or photographed, or aids in making, altering, forging, counterfeiting, printing or photographing, or uttering or publishing the same, or issues or aids in issuing or procuring the issue of, or negotiates or transfers for value a bill which contains a false statement as to the receipt of the goods, or as to any other matter, or who, with intent to defraud, violates, or fails to comply with, or aids in any violation of, or failure to comply with any provision of this chapter, shall be guilty of a misdemeanor, and, upon conviction, shall be punished for each offense by imprisonment not exceeding five years, or by a fine not exceeding $5,000, or both. Aug. 29, 1916, c. 415, § 41, 39 Stat. 544." 49 U.S.C.A. § 121.

In the Criminal Code it is provided:

"Notwithstanding any Act of Congress to the contrary:

"(1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.

"(2) Any other offense is a misdemeanor.

"(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense. June 25, 1948, c. 645, 62 Stat. 684." 18 U.S.C.A. § 1.

The petitioner, alleging that with good time he has served a year of his sentence, applied for a writ of habeas corpus in the District Court seeking his release from custody. From an order dismissing the application, he appeals.

It is the petitioner's contention that his offense has been designated a misdemeanor and the maximum penalty which he can be required to serve is one year. Having served the equivalent of a year, he claims he is now entitled to be released.

 The provisions of the Criminal Code make the offense a felony although designated a misdemeanor and the penalty is not changed. The Congress has the right to change the classification of an offense from misdemeanor to felony, or felony to misdemeanor. Ex parte Brede, D.C., 279 F. 147; Sheridan v. United States, 9 Cir., 236 F. 305. This the Congress has done with respect to offenses under the Federal Bill of Lading Act.

The order of the District Court is affirmed.