**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward L. SCHUTTE,
Defendant-Appellant.**

**No. 79–1485.**

United States Court of Appeals,
Tenth Circuit.

Submitted Oct. 10, 1979.

Decided Nov. 20, 1979.

James P. Buchele, U. S. Atty., and Douglas B. Comer, Asst. U. S. Atty., Topeka, Kan., for plaintiff-appellee.

J. Steven Schweiker and David R. Gilman & Associates, Overland Park, Kan., for defendant-appellant.

Before McWILLIAMS, LEWIS and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

By indictment Edward L. Schutte was charged in two counts with wilfully, knowingly and unlawfully issuing a false and fraudulent warehouse certificate in violation of 7 U.S.C. § 270. Each count related to a different warehouse certificate. To each count Schutte filed a motion to dismiss, alleging that the provisions of 7 U.S.C. § 270 did not sufficiently advise him of the crime charged. This motion was denied.

By superseding indictment Schutte was charged with conspiring to violate the pro-

visions of 7 U.S.C. § 270, in violation of 18 U.S.C § 371, and in a second count with the violation of 7 U.S.C § 270. Trial of the case was to the court on stipulated facts which were tantamount to a plea of guilty. The trial court adjudged Schutte guilty on both counts, and sentenced him to two years imprisonment on each count, the sentences to be served concurrently.

The only matter raised on appeal concerns the propriety of the trial court's denial of Schutte's motion to dismiss. 7 U.S.C. § 270 describes various proscribed acts and then declares that any person who commits any of the acts thus described "shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not more than $10,000 or double the value of the products involved if such double value exceeds $10,000, or imprisoned not more than ten years, or both, in the discretion of the court . . . ." The patent inconsistency in the statute, i. e., denominating the crime as a misdemeanor and then in the next breath providing for imprisonment for up to ten years, was the basis for Schutte's motion to dismiss. Schutte argued, in effect, that he didn't know whether he was charged with a misdemeanor or a felony.

Prior to 1931 the predecessor statute to 7 U.S.C. § 270 denominated the proscribed acts as misdemeanors and provided as a penalty, *inter alia*, imprisonment for not more than one year. In 1931 Congress amended the statute so as to provide for imprisonment of not more than ten years. In thus amending, Congress was presumably of the view that a one-year sentence did not have a sufficiently deterring effect. However, in the amended statute the misdemeanor designation remained unchanged.

Prior to 1948, a felony was defined by statute as any offense punishable by death or imprisonment for a term of more than one year, with all other offenses being deemed misdemeanors. In 1948 there was a re-enactment of the foregoing statutory definition, but with some additional language which we deem significant. 18 U.S.C. § 1. The re-enacted statute, with the additional language being underlined, provides as follows:

Notwithstanding any Act of Congress to the contrary.

(1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.

(2) Any other offense is a misdemeanor.

In our view 18 U.S.C. § 1 is the complete answer to Schutte's argument in this Court. That statute provides that any offense punishable by a term of imprisonment exceeding one year is a felony, *notwithstanding any act of Congress to the contrary*. So, notwithstanding the fact that 7 U.S.C. § 270 denominates the proscribed acts as misdemeanors, such acts are nonetheless a felony, since the acts subject the offender to a possible term of imprisonment of up to ten years. In support of our position, see *Loos v. Hardwick*, 224 F.2d 442 (5th Cir. 1955). See also *Hoss v. United States*, 232 F. 328, 335 (8th Cir. 1916).

Judgment affirmed.